W. G. GILCREASE, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion Filed January 4, 1928.

Petition for Rehearing Denied February 1, 1928.

1190

*Davis* and *Pepper*, for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant Attorney General, for Defendant in Error.

PER CURIAM.—Plaintiff in error was tried and convicted of murder in the second degree in the Circuit Court of Taylor County. He was sentenced to twenty years imprisonment at hard labor in the State Penitentiary and seeks reversal of that judgment on the sufficiency of the evidence to sustain the verdict, error in the admission and rejection of testimony and the refusal of the trial court to give certain charges requested by the plaintiff in error.

We have examined the record carefully and while the conviction is predicated on circumstantial evidence we think it complies with the rule announced by this Court in Hall v. State, 90 Fla. 719, 107 So. 246 and cases there cited. It was, therefore, sufficient to sustain the conviction. We find no error in the admission or rejection of testimony and the charges requested seem to have been sufficiently covered in the general charge given at the conclusion of the trial.

This Court has repeatedly called the attention of counsel to the vice of assigning innumerable errors. Hoopes v. Crane, 56 Fla. 395, 47 So. 992; Mitchell v. Mason, 65 Fla. 208, 61 So. 579; Atlantic Coast Line R. Co. v. Whitney, 65 Fla. 72, 61 So. 179; Florida East Coast R. Co. v. Knowles, 68 Fla. 400, 67 So. 122; Linsley v. State, 88 Fla. 135, 101 So. 273. Here we have a record of slightly over two hundred pages, yet there are one hundred and twenty-five errors assigned. That so many errors could have been made in the trial of a case like this is beyond the comprehension of an appellate court. The sole predicate for an assignment of error is an incorrect ruling of the trial court on some question of evidentiary, procedural or pure law presented to him in due course. It should then be assigned for the purpose of correcting the trial court and arriving at a proper determination of the real issues presented in the controversy. Assigned on any other basis an assignment is in bad taste and has no place in the record. ·

The judgment of the Circiut Court of Taylor County is therefore affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND BROWN, J., concur in the opinion.

STRUM, J., not participating.