Suit by R.B. Spires against William Parr and others, as and constituting the State Board of Health of the State of Florida, for a declaratory decree. The State Board of Health sought an injunction against what it claimed were illegal practices. From the decree, the defendants appealed.
Affirmed.
Dr. R.B. Spires, of De Funiak Springs, Florida, filed a suit for a declaratory decree in the Circuit Court of Walton County, Florida, and, in part, alleged that he was engaged in the practice of medicine in Walton County, Florida, and kept on hand a supply of drugs and medicine usually needed by his patients; these drugs and medicines were compounded by pharmaceutical houses under trade names; he dispensed these drugs and medicines to his patients upon their request; frequently prescriptions were given to patients and it was optional with the patient where the prescription would be filled. Dr. Spires does not fill the prescriptions given by other physicians nor his own as given to his patients unless requested so to do. Patients are at liberty to have their prescriptions filled by any registered pharmacist.
The bill of complaint alleged that certain employees of the State Board of Health of Florida advised that the drugs and medicines as dispensed by the complainant to his patients were in violation of Chapter 465, F.S.A., and particularly Sections 465.07 and 465.08. It was the plaintiff's view that Section 465.07 exempted licensed physicians from the several provisions of Chapter 465, but certain employees of the State Board of Health entertained a contrary opinion and for the purpose of settling the conflict of views the bill of complaint was filed.
It was alleged that certain employees of the State Board of Health contended that *Page 337 
the plaintiff as a licensed physician, under certain conditions and circumstances, may lawfully dispense a limited quantity of drugs and medicines to his patients, but it was contrary to Section 465.08, F.S.A., to permit his nurses or other trained employees acting under him and at his direction to dispense drugs and medicine or at least to perform certain acts in the dispensing of the same. It was the plaintiff's view that as a licensed physician he was exempt from the provisions of Chapter 465 and the exemption as defined in Section 465.07 likewise exempted his servants and employees acting under him and at his direction, both in the compounding and dispensing of drugs and medicines to the physician's patients.
The State Board of Health by answer denied many of the material allegations of the bill of complaint and alleged further that the plaintiff, assisted by his servants and employees, was daily violating the law by engaging in and carrying on the business of dispensing, compounding and retailing medicines, drugs, chemicals and pharmaceutical preparations without complying with the law by becoming a registered pharmacist. The State Board of Health prayed that the court restrain Dr. Spires from violating the law. The Chancellor heard testimony of the parties on the issues made by the pleadings, and reached conclusions from the testimony adduced and set them out in the final decree.
Pertinent parts of the final decree entered below are viz.:
"That petitioner and an associate own and operate a general hospital in De Funiak Springs, Florida, in connection with which and under the same roof, they keep and maintain a drug room in which are kept various and sundry medicines, drugs and pharmaceutical preparations usually found in a drug store patronized by the general public; that from this drug room, on prescriptions or memoranda written by petitioner and his associate and delivered to their patients who, in turn, deliver them to the employee in charge of the drug room, but who is not a registered pharmacist, who, and not always in the presence of petitioner or of a registered pharmacist, or under the direct and constant supervision and direction of either petitioner or a registered pharmacist, measures, weights, counts, wraps and labels the prescribed drugs or medicines and delivers them to the patient for which a charge is made and collected in addition to the charge for the professional services of the physician:
"That on occasions petitioner or his associate issue prescriptions or memoranda for the refilling of prescriptions or memoranda originally written by the other, but not until the patient has been examined and the advisability of such continued treatment determined upon.
"There is no evidence that any of petitioner's employees have ever compounded any drugs or medicines in the medical sense of making up the same as a complete whole by combining different ingredients or parts in order to form the whole. Neither is there any evidence that the petitioner or his associate, or any of their employees in the drug room, have held themselves out as registered pharmacists; or that either of them has filled prescriptions of other physicians not connected with the hospital, or that either of them has compounded or dispensed medicines or drugs for any but the patients of petitioner or his associate.
"The evidence also established the fact that the manner in which the drug room in question is being and has been operated has been the subject of controversy and conferences between the petitioner and the agents of the respondent looking to the issuance by respondent of specific directions as to how the same might be operated within the law and that there was an understanding on the part of petitioner that he would seek a judicial determination of the extent of his authority in the premises, as he has done, as above stated, to which the respondent countered with a declaration of its position and seeking an injunction against what it claims are illegal practices.
"The facts and circumstances do not, in my opinion, warrant the issuance of an injunction as prayed for by the respondent and the same is therefore, denied, but without prejudice.
"The court also denies the prayer of petitioner that the exemptions provided for in Section 465.07 F.S. 1941 [F.S.A.], be *Page 338 
declared to extend to his employees in the dispensing of or compounding for or the giving of medicines or poisons to his patients.
"The court also denies the prayer of petitioner that Chapter 465 F.S. 1941 [F.S.A.], insofar as it undertakes to regulate or place a limit upon legally authorized practitioners of medicine in the practice of pharmacy be declared void.
"In response to petitioner's third prayer as amended by the court, the court finds and determines and hereby decrees: —
"1 — That petitioner may, as a merchant, lawfully keep and maintain a drug room or drug store from which he or his employees, although not registered pharmacists, may lawfully sell and dispose of the articles and commodities specifically mentioned in Section 465.07 supra.
"2 — That petitioner may himself, as a legally authorized practitioner of medicine, lawfully dispense, compound and give any medicines or poisons to and for his own patients.
"3 — Petitioner's employees, though not registered pharmacists, may lawfully, for petitioner's own patients only, dispense, compound and sell any medicinal drugs, medicinal chemicals, pharmaceutical preparations or biologicals, Provided such dispensing, compounding and selling are done under petitioner's constant and immediate supervision and direction, or under the constant and immediate supervision and direction of a registered pharmacist."
On this appeal we are requested to hold that the drug room situated in the hospital operated by Dr. Spires is a drug store and regulated by the several provisions of Chapter 465, F.S.A. This contention overlooks the fact that the drug room is used for the exclusive accommodation of the patients of the hospital. It is not a drug store where prescriptions of other physicians may be filled. The drug room is under the constant supervision and control of two physicians lawfully authorized to practice medicine in the State of Florida. These doctors refer to these orders on the drug room for medicine for patients as memoranda rather than prescriptions. The order or request for medicine made on the drug room is filled either by the physicians or some one in their constant presence and direction. Section 465.07, F.S.A., exempts physicians from the provisions of Chapter 465 applicable to pharmacists. We fail to find error in the record.
Affirmed.
ADAMS, C.J., and SEBRING and HOBSON, JJ., concur.