55 So.2d 334 (1951)
PETERS
v.
BROWN et al.
Supreme Court of Florida, en Banc.
October 9, 1951.
Rehearing Denied December 19, 1951.
*335 W.C. Kemp, Miami, for appellant.
Sibley & Davis, Miami Beach, for appellees.
TERRELL, Justice.
Appellant is a licensed dental technician practicing his profession in Miami, Florida. Appellees, Florida State Board of Dental Examiners, filed a bill of complaint alleging that appellant was practicing dentistry without a license, contrary to Section 466.29, F.S.A. Without further showing, a temporary restraining order was directed to defendant enjoining him from engaging in any practice having to do with ones dentures. There was an answer to the bill of complaint in which the material allegations thereof were denied. On final hearing the temporary injunction was made permanent. This appeal is from that decree.
Among other things, Section 466.29, F.S.A. provides that a "copy of the record certified by the secretary-treasurer, or a certificate of such officer showing that such person is not the then owner and holder of a valid license to practice dentistry or dental hygiene, shall be sufficient showing by the board that such person is practicing dentistry or dental hygiene in contravention of this chapter, and upon such showing by the Board, temporary injunction shall be issued by the court."
The temporary injunction was issued in response to this and other provisions of the cited statute, the constitutional validity of which is challenged, but since the case can be disposed of on other ground, we elect, under the well settled rule of this Court, to pretermit any ruling on the question of constitutionality except merely call attention to the fact that the act may come near to transgressing State and Federal Constitutional inhibitions against bills of attainder.
A bill of attainder was an old English practice that substituted conviction and punishment by legislative act in place of judicial punishment after trial and conviction. Some of the Colonial legislatures also indulged in the same practice. Under the bill of attainder the victim was punished without any investigation whatever, he was generally not present at his condemnation and was given no chance to defend himself. The legislature was prosecutor, jury and judge and fixed the punishment in the act. The bill of attainder took no account of precedent, rules of procedure or notice to the victim. The legislature acted without regard to evidence, due process or any safeguard to fair trial whatever. One of the notable instances of a Bill of Attainder enacted by Parliament was that instigated by Lord Somerset, the Prime Minister of Edward Sixth. Being convinced that his brother was trying to muscle in between him and the King, Somerset decided that he must be destroyed, so he had a bill of attainder brought in the House of Lords, charging his brother with treason. The House of Lords passed the bill without so much as notice to the brother. The House of Commons requested that the brother be heard but the request being denied by the King, the Commons passed the bill of attainder and in due course the attained brother was beheaded. Later the brother who instigated attainder was the victim of the same fate.
The Founding Fathers being conscious of the injustices worked by such procedure, twice inhibited bills of attainder in the Federal Constitution. Our State Constitution contains a like inhibition. I am not so sure that a statute like that under review which commands a court to issue an injunction against one in the exercise of his business on the certificate of an officer that he does not have a valid license and gives him no opportunity to be heard, does not come near violating the inhibition against Bills of Attainder.
Now let us revert to the real issue in the case. The record shows that the *336 main question was whether or not appellant was performing acts that amounted to the practice of dentistry. Appellant flatly denied that he was practicing dentistry, except "such work as he does as a dental technician upon the prescription of a licensed dentist." The case had its genesis in a "suspicion" that appellant was doing acts that amounted to the practice of dentistry. Pursuing that "suspicion" an agent of appellee's hired two witnesses to go to appellant's office to solicit some dental work. He admitted that he ran a model of the dentures for one of the witnesses. The other witness testified that appellant put wax in her mouth and made an impression. Nothing else took place. Both witnesses testified that they were to be paid $100 each for this interview and testimony.
I do not know anything about the line that separates the function of the dentist from that of the dental technician and there is not a shred of evidence here to show where it lies, neither is there any other evidence to support the charge againt appellant. In other words, all the evidence against him is purchased evidence, bearing on the controverted fact of whether he was acting as a dentist or a dental technician. I do not think this court should sanction such apostasy from approved procedure. It is contrary to law and public policy for an officer or member of an administrative board to induce the commission of a wrong or a crime for the purpose of securing a pretext to punish it. In Newman v. United States, 4 Cir., 299 F. 128, 131 it was held that decoys may be used to entrap criminals or present opportunity to one to commit crime, but they are not permissible to ensnare the innocent and law abiding into the commission of a crime.
As to the various phases of bribery, the doctrine of entrapment was abolished by Chapter 26325, Acts of 1949, Extraordinary Session, F.S.A. § 838.11. We are confronted here with a case in equity where the doctrine of clean hands is the counterpart of entrapment in criminal procedure, but the rule in either case springs from decency, good faith, fairness and justice. Equity not only contemplates, it requires fair dealing in all who seek relief at its hands. He that hath committed iniquity shall not have equity, is a well known maxim of equity. All the evidence in this case was induced for pay and if given full face value, it leaves one in doubt whether defendant was doing the work of a dentist or a dental technician. In most cases due process and fair trial turn on procedure. I can think of nothing more disastrous to fair trial or more insolent to the safeguards with which it is protected, than a conviction secured solely on deliberately purchased evidence.
I think the judgment should be reversed, the injunction dissolved and the cause dismissed.
It is so ordered.
CHAPMAN, THOMAS and ROBERTS, JJ., concur.
SEBRING, C.J., and ADAMS and HOBSON, JJ., dissent.