## FLORIDA BOARD OF PHARMACY v. ESCAMBIA COUNTY, et al.

Circuit Court, Escambia County.

December 19, 1962.

Joseph C. Jacobs, Ass't. Attorney General, and Philip J. Knight, Special Ass't. Attorney General, both of Tallahassee, for the plaintiff.

Jack H. Greenhut, Pensacola, for the defendant county.

F. Churchill Mellen, Pensacola, for the defendant city.

ERNEST E. MASON, Circuit Judge.

This is a proceeding wherein the plaintiffs, constituting the Board of Pharmacy of the state of Florida, seek to enjoin the defendants county and city and the defendant, Mrs. Essie McLean, as an employee of the City-County Indigent Out-Patient Clinic, from operating and maintaining what the plaintiffs term in their brief "a retail drug establishment" in said clinic without the direct and immediate supervision of a person licensed as a pharmacist in the State of Florida.

At the hearing it was disclosed by the evidence that the County of Escambia and the City of Pensacola operate an indigent out-patient clinic in the same building as, but not connected with, the Escambia General Hospital; that the clinic is under the direction and supervision of Dr. W. E. Tugwell, who prescribes medicine and drugs for patients who visit this clinic; and that the patients are what are commonly known as out-patients, that is to say, they are not hospitalized in the clinic but come for diagnosis by Dr. Tugwell for ailments, and receive at the clinic whatever drugs are prescribed by him. The facts further disclose that no drugs are mixed, prepared or compounded in the clinic, as those terms are generally understood, but that drugs are dispensed from pre-packaged containers which have been filled from the original manufacturers' containers. Such drugs are dispensed to the patients by the defendant Mrs. McLean, a registered nurse, under the immediate supervision of Dr. Tugwell. No drugs are sold at the clinic either at wholesale or retail, but are dispensed to indigent patients free of charge.

The facts further disclose that no drugs are dispensed except upon the prescription of Dr. Tugwell made in the form of a nota-

tion upon the patient's card or chart upon which is kept a record of his diagnosis and prescribed medication.

At the time of institution of this suit, and at the time of the hearing, the drugs were physically handed over to the patient either by the defendant, Mrs. McLean, or some other registered nurse in the immediate presence of Dr. Tugwell, from a drug cart upon which there were containers containing the particular drugs which had been taken from the manufacturers' containers, and which were placed in such dispensing containers in the amounts prescribed by Dr. Tugwell. There is no prescription number nor physician's name nor date on the dispensing container.

The evidence did not disclose that any prescriptions other than those of Dr. Tugwell are dispensed at the clinic. In other words, it is clear from the evidence that such dispensing as takes place in this clinic is for the exclusive accommodation of the patients of Dr. Tugwell, and solely upon his prescription.

The court is being asked to hold that this clinic is a "retail drug establishment" within the definition of chapter 465, F.S., 1961, so as to require the employment at the clinic of a registered licensed pharmacist, and to enjoin the defendants from dispensing drugs except under the direct supervision of such licensed pharmacist.

The court concludes that the injunction should not be granted for the following reasons —

(1) The particular clinic operated by the defendants is not a retail drug establishment within the definition of that term as used in chapter 465, F.S., 1961. This is true because no drugs are sold at the clinic, but such as are dispensed are for the exclusive accommodation of the indigent patients of the clinic. The clinic is not engaged in the general business of retailing drugs (See Parr v. Spires, 41 So.2d 336).

(2) Such drugs as are dispensed are dispensed in the office of a licensed physician of the state of Florida, and under the provisions of chapter 465 such clinic is not required to register as a retail drug establishment, nor be under the supervision of a licensed pharmacist.

(3) The drugs in effect are dispensed by Dr. Tugwell, the director of the clinic, and therefore, come within the exception contained in §465.021(2) which permits a licensed physician to dispense drugs. The court in so holding concludes that the following language contained in said exception, namely, "provided that such compounding, preparing and dispensing be done by the physician himself", should be logically construed to include such acts

where done under the *immediate* supervision of the physician. In other words, to hold that the physician must physically hand over the drugs to the patient in order to constitute dispensing by him to come within the exception would be a strained interpretation. On the contrary, the letter and spirit of the statute is complied with where, as here, such dispensing is done under the immediate direction of the physician.

(4) The provisions of chapter 465 requiring the presence of a licensed pharmacist are not applicable to this clinic where the drugs are dispensed in the manner disclosed by the evidence herein because such dispensing is in effect "the administration of medicinal drugs by a physician to his patient".

The prayer for injunction is therefore denied, and this suit is dismissed.