PER CURIAM.
Appeal is taken from a final decree denying injunctive relief as sought by the appellant Board of Pharmacy. The decree is affirmed.
The appellants, constituting the Board of Pharmacy of this state, by their complaint sought to enjoin the appellees, Es-cambia County, the City of Pensacola, and Mrs. Essie McLean, as an employee of the City-County Indigent Out-Patient Clinic, from operating and maintaining what appellants describe as “a retail drug establishment” in the clinic without the direct and immediate supervision of a person licensed as a pharmacist in the state of Florida. It is alleged that such is contrary to section 465.18(2), Florida Statutes, F. S.A. Injunctive relief was sought pursuant to section 465.19, Florida Statutes, F.S.A.
The evidence adduced at the hearing in this cause discloses that Escambia County and the City of Pensacola operate an indigent out-patient clinic in the same building as, but not connected with, the Escam-bia General Hospital; that the clinic is under the direction and supervision of Dr. W. E. Tugwell, who prescribes medicine and drugs for patients visiting this clinic; that the patients are what are commonly known as out-patients, i. e., they are not hospitalized in the clinic but come for diagnosis by Dr. Tugwell for ailments, and receive at the clinic whatever drugs are prescribed by him; that no drugs are mixed, prepared or compounded in the clinic, as those terms are generally understood, but are dispensed from pre-packaged containers which have been filled from the original manufacturers’ containers; that such drugs are dispensed to the patients by the appellee Mrs. McLean, a registered nurse, under the immediate supervision of Dr. Tugwell; and that no drugs are sold at the clinic either at wholesale or retail, but are dispensed to indigent patients free of charge. The evidence further discloses that no drugs were dispensed except upon the prescription of Dr. Tugwell made in the form of a notation upon the patient’s card or chart upon which was kept a record of his diagnosis and prescribed medication.
At the time this suit was filed and at the time of the hearing, the drugs were physically handed over to the patient either by the appellee, Mrs. McLean, or some other *207 registered nurse in the immediate presence of Dr. Tugwell, from a drug cart upon which there were containers with the particular drugs which had been taken from the manufacturers’ containers and placed in such dispensing containers in the amounts prescribed by Dr. Tugwell. There is no prescription number, physician’s name or date on the dispensing container. The evidence did not disclose that any prescriptions other than those of Dr. Tugwell were dispensed at the clinic, but affirmatively shows that such dispensing as took place in the clinic was for the exclusive accommodation of the patients of Dr. Tugwell, and solely upon his prescription.
The appellant Board of Pharmacy, through its investigative officer, determined that in its judgment the clinic had violated several sections of chapter 465, Florida Statutes, F.S.A., and when the parties operating the clinic failed to comply with a Notice of Violation issued by the Board, brought this suit for injunctive relief, as aforesaid.
The trial court concluded that injunctive relief should be denied on the following grounds:
“(1) The particular clinic operated by the defendants is not a retail drug establishment within the definition of that term as used in Chapter 465, F. S., 1961. This is true because no drugs are sold at the clinic, but such as are dispensed are for the exclusive accommodation of the indigent patients of the clinic. The clinic is not engaged in the general business of retailing drugs (See Parr v. Spires [Fla.], 41 So.2d 336);
“(2) Such drugs as are dispensed are so done in the office of a licensed physician of the State of Florida, and under the- provisions of Chapter 465, supra, such clinic is not required to register as a retail drug establishment, nor be under the supervision of a licensed pharmacist;
“(3) That the drugs in effect are dispensed by Dr. Tugwell, the Director of the clinic, and therefore, come within the exception contained in Section 465.021(2) which permits a licensed physician to dispense drugs. The Court in so holding concludes that the following language contained in said exception, namely: ‘provided that such compounding, preparing and dispensing be done by the physician himself’ should be logically construed to include such acts where done under the immediate supervision of the physician. In other words, to hold that the physician must physically hand over the drugs to the patient in order to constitute dispensing by him to come within the exception would be a strained interpretation. On the contrary the letter and spirit of the statute is complied with where, as here, such dispensing is done under the immediate direction of the physician; and
“(4) The provisions of Chapter 465 requiring the presence of a licensed pharmacist are not applicable to this clinic where the drugs are dispensed in the manner disclosed by the evidence herein because such dispensing is in effect ‘the administration of medicinal drugs by a physician to his patient’. Therefore, the prayer for injunction is denied and this suit is dismissed.” (Emphasis supplied)
We adopt the above quoted language from the order of the trial judge and hold that appellants have failed to demonstrate error. The order appealed is therefore
Affirmed.
STURGIS, C. J., and WIGGINTON and CARROLL, DONALD K., JJ., concur.