177 So.2d 833 (1965)
John M. HALL, Petitioner,
v.
FLORIDA BOARD OF PHARMACY, Respondent.
No. 33119.
Supreme Court of Florida.
July 28, 1965.
*834 Doyle E. Carlton, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for petitioner.
Earl Faircloth, Atty. Gen., and Edward S. Jaffry, Asst. Atty. Gen., for respondent.
ROBERTS, Justice.
This writ of conflict certiorari brings for review a decision of the District Court of Appeal, Second District, in Florida Board of Pharmacy v. Hall, 157 So.2d 824, which reversed a decision by the Circuit Court and reinstated the decision of the Florida Board of Pharmacy finding Hall guilty of violating § 465.18(2), Florida Statutes, F.S.A., suspending his license for a period of three months, and placing him on probation for one year. The history, background, essential facts and questions of law are set forth in the opinion cited above.
The decision of the District Court of Appeal here under review was in direct conflict with Peters v. Brown,[1] Fla. 1951, 55 So.2d 334, and Dupuy v. State,[1] 141 So.2d 825 (Fla.App. 3rd Dist. 1962). The misapplication of Regero v. Daugherty, Fla. 1953, 69 So.2d 178, in this case creates a legal result in conflict with Gilcrease v. State, 94 Fla. 1189, 1928, 116 So. 501, and leads to confusion amongst members of the Bench and Bar. This court has jurisdiction under Section 4(2), Article V, Constitution of Florida, F.S.A.
The first question presented by the appellant (Florida Board of Pharmacy) in the District Court involved whether or not the defense of entrapment was available to Hall and upon which defense he had partially relied in the first review by the Circuit Court, that court having allowed the defense of entrapment and having thereafter on rehearing reversed the decision of the Board of Pharmacy for that reason. The District Court of Appeal properly ruled that the defense of entrapment was not effective. That part of the decision is approved by this court under the authority of Mitchell v. Gillespie, Fla. 1965, 172 So.2d 819, and Mitchell v. Gillespie, District Court of Appeal, First District, 164 So.2d 867. The matter, however, does not end here.
The appellee Hall advanced other points in support of the Circuit Court judgment which the District Court refused to consider because the appellee did not cross-assign error to the judgment he was supporting as appellee; the language of the District Court is:
"The appellee has also set out a point on appeal to the effect that the evidence *835 does not establish that the appellee violated Sec. 465.18(2), Fla. Stat., F.S.A. but in view of the fact that the appellee did not cross-assign error within ten days after the appellant had filed its assignments, this court may not consider the same",
citing Regero v. Daugherty, Fla. 1953, 69 So.2d 178, which in turn relied on Fla. Nat'l Bank v. Kassewitz, 156 Fla. 761, 25 So.2d 271. These cases however do not apply as they dealt with situations where the appellee had suffered adverse rulings by the court under review. Here, the Circuit Court, in his order on rehearing, ruled in favor of the appellee on the sole question of entrapment and did not make any ruling adverse to the appellee on anything. Therefore the only interest of the appellee was to affirm the judgment of the Circuit Court which, as stated, was favorable to him. Florida Appellate Rule 3.5(b), 31 F.S.A., likewise refers only to adverse rulings.
An assignment of error is the appellant's declaration or complaint against the trial judge charging error in the acts of the lower court which assignments are the basic grounds for reversal. Assignments of error are required to be filed by the appellant or an appellee who seeks reversal of the lower court, but not by appellee who seeks no affirmative relief on appeal. Gilcrease v. State, 94 Fla. 1189, 116 So. 501, held:
"The sole predicate for an assignment of error is an incorrect ruling of the trial court on some question of evidentiary, procedural, or pure law presented to him in due course. It should then be assigned for the purpose of correcting the trial court and arriving at a proper determination of the real issues presented in the controversy. Assigned on any other basis, an assignment is in bad taste, and has no place in the record." (Emphasis supplied.)
In the absence of a cross appeal or cross-assignment of error the appellee's position is confined to the support of the judgment of the lower court and his position is not even restricted to the reasons advanced by the lower court; he may advance reasons to support the judgment which may differ with those given by the lower court. For the foregoing reasons, he is not required to file assignments that the lower court has erred when his position is that the lower court was correct and was not in error in what it did, even if in error as to its reasoning.
Thus it was error and in conflict with prior decisions for the District Court of Appeal to refuse to consider the other questions presented by the appellee (Hall) and which the appellee has brought forward in this certiorari proceeding. In many instances we would at this point return the case to the District Court of Appeal with direction that it consider the additional questions presented but not disposed of in that court. However, because this is a case of long-standing and with the objective of terminating the litigation, we will proceed to the question of whether or not the conduct of Mrs. Hopson (Hall's clerk) constituted a violation of § 465.18 (2), Florida Statutes, F.S.A.
At the outset it is noteworthy that Chapter 465 relating to Pharmacists and its definitions in 465.031, prior to the 1961 session of the Legislature, did not contain definitions for the words "fill", "compound", and "dispense". This deficiency was corrected by Chapter 61-338, Laws of Florida enacted in 1961 session of the Legislature. The offenses charged are alleged to have occurred between November 30, 1960 and February 15, 1961, and therefore prior to the definitions enacted at the 1961 session of the Legislature, which latter law has no bearing on the case at bar. We then turn to the question of whether or not the conduct complained of amounted to a violation of the law as it existed on or before February 15, 1961 and prior to the corrective *836 statute enacted in 1961. We think it did not. This question is controlled by the decision of this court in Parr v. Spires, Fla., 41 So.2d 336. That case involved the operation of a drug room in a hospital owned by Dr. Spires who had employees who were not registered pharmacists but who prepared prescriptions according to the doctor's directions for the patients at the hospital; the trial court said:
"* * * that from this drug room, on prescriptions or memoranda written by petitioner and his associate and delivered to their patients who, in turn, deliver them to the employee in charge of the drug room, but who is not a registered pharmacist, who, and not always in the presence of petitioner or of a registered pharmacist, or under the direct and constant supervision and direction of either petitioner or a registered pharmacist, measures, weighs, counts, wraps and labels the prescribed drugs or medicines and delivers them to the patient for which a charge is made and collected in addition to the charge for the professional services of the physician;" (Emphasis supplied.)
In the Spires case this court commented that "* * * these drugs and medicines were compounded by pharmaceutical houses under trade names", and then held that the practices in the drug room were not a violation of the law.
Our attention is also directed by the petitioner to the following definitions:
In United States v. Stubbs, 2 Cir., 91 F. 608, the court says:
"The verb to `compound' means to mix or prepare. To `compound' a prescription is to prepare it for use, or put together the different articles specified in the prescription so as to be fit for the patient; and this is the ordinary and common use of the word with druggists."
Webster's New International Dictionary says:
"Dispense comes from dis + pendere, to weigh; to put up (a prescription or medicine); esp., in pharmacy, to prepare (a medicine) extemporaneously in form suitable for administration to a patient."
Black's Law Dictionary, page 557, says that:
"Etiologically `dispense' means to weigh out, to pay out, distribute, regulate, manage, control, but when used with `with' it has, among other meanings, that of doing without, doing away with, being synonymous with `abolish'."
It is apparent at this juncture that the 1961 session of the Legislature recognized the deficiency in the act and corrected it by Chapter 61-338, supra. We are therefore forced to the conclusion that under the law as it existed at the time of the offenses complained of and on the record in this case, Mrs. Hopson, as clerk of the petitioner Hall, did not fill, compound nor dispense any prescription, and the Board of Pharmacy was in error in holding that she did and in suspending the license of petitioner.
By way of caveat we direct attention to the fact that this rule of decision relates only to offenses occurring prior to the effective date of the corrective legislation enacted by the Legislature in the 1961 session.
While not controlling in this case, it is significant that the petitioner was informed against in a criminal proceeding, tried and acquitted of the very charge for which his license was suspended.
Accordingly, the decision of the District Court of Appeal is quashed with instructions that the matter be remanded to the Circuit Court with directions to quash the order of the Florida Board of Pharmacy here under review and reinstate the license of petitioner, John M. Hall, for the reasons *837 herein stated, but not for the reasons stated in the dictum of the order of the Circuit Court.
It is so ordered.
THORNAL, C.J., and DREW, CALDWELL and HOBSON (Ret.) JJ., concur.
NOTES
[1] Although the Peters and Dupuy cases were in full effect at the time our writ issued in this case their holdings have since been materially modified in Mitchell v. Gillespie, Fla. 1965, 172 So.2d 819 and cases therein cited. Also compare Carter v. State, Fla. 1963, 155 So.2d 787.