WHITE, JOSEPH S., (Ret.) Associate Judge.
This appeal brings for review a final judgment of the circuit court entered upon a bill of complaint which plaintiff styled: “Complaint for Reformation, Damages and Other Equitable Relief.” The parties will be referred to as they were in the lower court: the appellant, O’Neal, as the defendant and the appellee, MacNeill, as the plaintiff.
The facts, concerning which there is little dispute, are: defendant held an option to purchase certain land. He needed $10,-000 in order to exercise the option and plaintiff agreed to advance this sum, in *466 return for which plaintiff was to receive a one-fourth interest in the land. Defendant thereupon exercised the option, received a deed to the land and executed a purchase money mortgage for $50,000 to the vendors. Defendant then conveyed an undivided one-fourth interest in the land to plaintiff. It was agreed as follows:
“3. The parties agree that in the event an apartment construction mortgage is obtained within one year from the date of closing, the $10,000.00 referred to in Paragraph 1 will be returned to Malcolm and that Malcolm will be obligated to pay no further money toward the purchase money mortgage on the land or the construction of the apartments.
“4. In the event that the contemplated apartment construction mortgage shall not have been effected within one year of the date of closing, the parties agree that Malcolm shall have the following options:
“(a) To pay no further money toward the mortgage and continue to hold 14th interest in the property, or
“(b) To pay l/3rd of the $10,000.00 first mortgage payment plus interest due and receive simultaneously with said payment a deed for an undivided 81/3% of said property.
“In the event that the (b) option is elected, Maston agrees to make payments on the second, third and fourth mortgage payments until such time as the financial interest becomes pro rata.”
Neither of the events referred to in the agreement happened, viz, the construction mortgage was not obtained and plaintiff did not exercise either option (a) or (b).
During that first year after the purchase was closed, the plaintiff had agreed to pay to the defendant the further sum of $7,500 for an additional one-fourth interest in the land. This sum was paid in the following manner: July 15, 1963, $1,000; September 6, 1963, $2,500; September 23, 1963, $1,000; October 4, 1963, $3,000. After payment of the entire $7,500.00 was completed, plaintiff thus became the owner of an undivided one-half interest in the land.
Nowhere in the agreements respecting these two transactions do we find any obligation on defendant’s part to repay these sums except under the conditions mentioned in the options, none of which came into being.
Defendant did not meet payments coming due under the purchase money mortgage and plaintiff, in order to protect his interest from foreclosure, was forced to lay out the following sums: July 2, 1964, $10,000 mortgage principal and $3,000 interest payments; November 11, 1964, $640.50 taxes; January 1, 1965, $423.65, taxes; April 20, 1965, $162.94, taxes; June 28, 1965, $4,400, mortgage payment; June 23, 1966, $8,000, mortgage payment; total $26,627.09.
On July 2, 1964, defendant executed to plaintiff a deed of conveyance, absolute on its face, purporting to convey to plaintiff the remaining one-half interest in the land so that plaintiff would then hold legal title to all the property. At the same time, defendant wrote plaintiff as follows:
“I have this day conveyed to you an undivided one-half interest in the property in Brevard County in which we have been jointly interested. I recognize my failure to go forward and make the balance of the mortgage payments in accordance with our previous agreement and this conveyance is to partially secure you because you made the payment of $10,000 plus interest of $3,000 which I was obligated to make. I recognize the breach of our agreement of the 14th day of June, 1963 and my continuing obligation to go forward in connection with that agreement.
“In the event of my failure to reimburse you with the $13,000 plus interest at 6%, and to make the payment of $10,-000 plus interest prior to its due date, June 24, 1965, and furnish you with evidence of this payment, I waive any *467 and all rights that I may have to any portion of the property today deeded to you, still without prejudice to any rights you may have pursuant to our original contract of June 14, 1963.”
In his bill of complaint, plaintiff alleged that the deed was “a security device, intended by defendant Maston to be such and received by the plaintiff as a mortgage security instrument to better assure and guarantee the plaintiff that defendant Mas-ton both recognized his past breaches and that he would perform his obligation respecting the subject property under the various applicable instruments attached hereto and otherwise.” Essentially, it was prayed that the deed be declared a mortgage.
The trial court did not accept this view of the transaction, but, on the contrary, held that “said instrument was in fact a warranty deed as it appears on its face to be rather than a mortgage or other security device.” Obviously, in order to adopt this view of the transaction, the lower court first concluded that such was the intent of the parties, notwithstanding rather strong inferences to the contrary.
The trial court’s ruling as to the construction of the conveyance instrument and the parties’ intentions has not been challenged by either of the parties. Hence, we accept it as settled in this case that the deed of July 2, 1964, was, in fact, a deed absolute.
What appellant does challenge here is the propriety of that part of the final judgment requiring him to repay plaintiff one-half of the sum of $17,500 given him by the plaintiff for an undivided one-half interest in the land; and in addition, one-half of the sum of $26,627.09, the amount paid by plaintiff on account of delinquent mortgage installments and taxes. In other words, the lower court held that the conveyance did not secure a debt, but at the same time said that a debt still subsisted between the parties.
In those cases where courts are called upon to decide whether a conveyance is a mortgage or a deed absolute, a general criterion or standard for deciding, is this: If a “debt is still left subsisting, not being discharged or satisfied by the conveyance, but the grantor is regarded as still owing and bound to pay * * * then the whole transaction amounts to a mortgage * Pineapple Orange Co. v. White, 113 Fla. 774, 152 So. 863; Holmberg v. Hardee, 90 Fla. 787, 108 So. 211.
The “turnabout” resulting from the decision of the lower court in this case by which it was held that the debt still subsisted but that the deed, nevertheless, was a deed absolute is somewhat of an anomaly.
Plaintiff paid nothing for the deed. He did not assume payment of the purchase money mortgage for which defendant remained liable. Previously, we commented on the fact that defendant owed plaintiff no part of the $17,500 originally paid for a one-half undivided interest in the land. The trial court held that the deed given by the defendant to the plaintiff on July 2, 1964, was not a mortgage, but was a warranty deed which operated to transfer to plaintiff “the entire fee simple interest in and to the aforesaid described property.” In the letter given by the defendant to the plaintiff in connection therewith it was recognized that the principal and interest which came due on June 24, 1964, on the purchase money mortgage, amounting to $13,000, and the $10,000 payment and interest which would be due a year later on June 24, 1965, were sums the defendant was obligated to pay.
The judgment did not specify whether the trial judge regarded the transfer as absolute and complete when it was given in 1964, or that it became so a year later when the defendant failed to reimburse the plaintiff for the June 1964 mortgage payment and interest and to pay the June 24, 1965, mortgage payment with interest (as would appear from the 1964 letter to have been intended). If the trial court viewed *468 July of 1964 as the time the deed became an absolute transfer of defendant’s interest to the plaintiff, the amount then owed by defendant to plaintiff was $13,000. If it was the view of the trial court that the time when the deed became absolute and effective to transfer title to the plaintiff (as distinguished from a mortgage lien) was in June of 1965, the amount owed by defendant to the plaintiff at that time was $26,013.54. That figure is made up of purchase money mortgage principal of $10,-000 and interest at $3,000 paid by plaintiff in 1964, and the $10,000 principal mortgage payment with $2,400 interest which came due on June 24, 1965, plus $613.54 representing one-half of the taxes which the plaintiff had prior to that time.
The appellant argues, and we are impelled to agree, that as between the parties, the transfer by defendant and acceptance by plaintiff of title to the entire parcel amounted to a cancellation of the obligation of the defendant to reimburse the plaintiff and to make further payment for the property. Chase & Co. v. Little, 116 Fla. 667, 156 So. 609; Holmberg v. Hardee, supra, 90 Fla. 787, 108 So. 211; United States Savings Bank v. Pittman, 80 Fla. 423, 86 So. 567, 572; 22 Fla.Jur., Mortgages § 89.
To hold otherwise, in view of the unchallenged holding by the trial court that the transfer was not a mortgage, would lead to the incongruous result that the defendant, having divested himself of the property to the plaintiff, nevertheless should pay a substantial part of the purchase price, with nothing to show for it. When read together, the letter from defendant dated July 2, 1964, and the letter from plaintiff to defendant dated June 17, 1965, show no agreement or intent of the parties for such a result.
Accordingly, the money judgment in favor of the plaintiff against the defendant for $25,999.09 as contained in the final judgment is reversed, and in other respects the judgment is affirmed.
Affirmed in part and reversed in part.