238 So.2d 614 (1970)
Malcolm G. MacNEILL, Petitioner,
v.
Maston G. O'NEAL, Jr., Respondent.
No. 38287.
Supreme Court of Florida.
February 25, 1970.
Rehearing Denied April 20, 1970.
Ray H. Pearson, of Frates, Fay, Floyd & Pearson and Guy B. Bailey, Jr., Miami, for petitioner.
Robert C. Ward, of Sibley, Giblin, Levenson & Ward, Miami Beach, for respondent.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Third District, which allegedly conflicts with Hall v. Florida Board of Pharmacy[1] and Cerniglia v. C & D Farms, Inc.,[2] and other cases.
The parties to this cause entered into an agreement involving the purchase of certain real property. O'Neal, respondent herein, held an option to buy the property and MacNeill, petitioner herein, was in the position of loaning various sums of money for the purchase in return for what was ultimately a one-half interest in the property.
Respondent failed to meet his obligations under the agreement and petitioner was forced to pay out further sums of money in order to prevent foreclosure of the purchase money mortgage. Respondent then executed a deed of conveyance absolute on its face, purporting to convey the remaining one-half interest in the land so that petitioner then held legal title to all the property. This deed was accompanied by *615 a letter from respondent stating that if he failed to send the sum due by June 24, 1965, he waived all further rights to the property.
The facts surrounding the transactions between the parties are set out in greater detail in the District Court opinion reported at 216 So.2d 465.
Petitioner MacNeill brought suit to have the deed declared a mortgage. The trial court held that the instrument in question was in fact a warranty deed rather than a mortgage or other security device. The trial court held, however, that O'Neal was required to repay MacNeill one-half of the sum of $17,500 given him by MacNeill for an undivided one-half interest in the land and in addition, one-half of the sum of $26,627.09, the amount paid by MacNeill on account of delinquent mortgage installments and taxes.
The District Court reversed that part of the trial court's order requiring respondent to pay sums of money to petitioner for purchase of the property after the respondent had divested himself of any interest in the property. As to the ruling of the trial court on the nature of the instrument of July 2, 1964, the District Court stated:[3]
"The trial court's ruling as to the construction of the conveyance instrument and the parties' intentions has not been challenged by either of the parties. Hence, we accept it as settled in this case that the deed of July 2, 1964, was, in fact, a deed absolute."
The holding of the District Court refusing to rule on a point because not raised on cross-assignment of error by MacNeill creates conflict with the Hall and Cerniglia cases, supra, which hold that an appellee who is not aggrieved by the lower court's decision need not file cross-assignments of error in order to have the points considered on appeal. These cases recognize that a party who is content with the judgment below need not assign error in order to support that judgment and is not limited in the appellate courts to the theories of recovery stated by the trial court.
Our holding in nowise reflects on the merits of the controversy. We remand to the District Court to allow that Court to rule on the correctness of the trial court's determination that the instrument in question was a deed and rendered judgment accordingly.
The petition for writ of certiorari is granted and that portion of the decision of the District Court refusing to pass on the nature of the instrument of July 2, 1964, is quashed and the cause remanded for reconsideration in light of our decision herein.
It is so ordered.
ERVIN, C.J., ROBERTS, DREW, CARLTON, and ADKINS, JJ., and FALK, Circuit Judge, concur.
NOTES
[1] 177 So.2d 833 (Fla. 1965).
[2] 203 So.2d 1 (Fla. 1967).
[3] O'Neal v. MacNeill, 216 So.2d 465, 467 (Fla.App.3rd 1968).