PER CURIAM.
Upon review of this court’s decision filed November 19, 1968,[1] on petition for certiorari filed by the appellee MacNeill, the Supreme Court of Florida (by opinion filed February 25, 1970,[2] and mandate filed herein April 22, 1970) remanded the cause to this court with directions to rule on the correctness vel non of the holding of the trial court that a certain warranty deed given by the appellant O’Neal to the appel-lee MacNeill was an absolute conveyance and not a transfer for security.
The instrument in question was a warranty deed, absolute in form, dated July 2, 1964, conveying the undivided one half interest owned by O’Neal in certain real estate to MacNeill, who at the time was the owner of the other undivided one half interest. The facts are sufficiently disclosed in the two reported decisions in the case, cited in footnotes 1 and 2.
Pursuant to the direction of the Supreme Court, we have considered the holding of the trial court relating to said deed, in the light of the record and with the benefit of further oral argument, and conclude that the holding of the trial court regarding the nature and status of the instrument in question was correct.
The letter from O’Neal to MacNeill dated July 2, 1964, written at the time of the making and delivery of the deed in question, and which was quoted in our opinion, appears to have had a dual purpose. The first paragraph clearly indicates the deed was intended to operate as security for repayment to MacNeill of the $13,000 which he had advanced for payment of the then maturing first annual installment of principal on the purchase money mortgage ($10,000) and the annual interest ($3,000), which was made necessary by failure of O’Neal, whose obligation it was to make such payments, to pay them when due. It is obvious, therefore, that if O’Neal had paid the next year’s installment of principal and the interest when the same came due on June 24, 1965, but had not by that time repaid MacNeill for advancing such mortgage payments in June of 1964, the deed in question would have continued as security to MacNeill for reimbursement for such 1964 advances.
However, in the second paragraph of O’Neal’s letter of July 2, 1964, it was stated that if O’Neal failed to so reimburse MacNeill for the 1964 advances and to pay the next annual purchase money mortgage installment of $10,000 with interest in June of 1965, all rights that O’Neal had to any portion of the property were waived. O’Neal failed in those respects the following year, in June of 1965, and thereupon the deed, which was absolute on its face and contained no reservations, represented an effective transfer of O’Neal’s interest in the property to MacNeill, in accordance with O’Neal’s express agreement for that result.
It was on the basis of that agreement and undertaking by O’Neal that MacNeill accepted the 1964 deed. Had O’Neal stated otherwise, it is possible that MacNeill would not have accepted the deed. That agreement was acceptable to both parties and was the basis on which they proceeded. Having thus agreed to surrender his undivided one half interest in the property to MacNeill and to “waive any and all rights that I may have to any portion of the property,” O’Neal would have been es-topped to claim an interest in the property, in the form of an equity of redemption or otherwise, following his failure on or by June 24, 1965, to make the payments called for by his letter. To permit O’Neal or MacNeill to renege later on the agreement that the conveyance would be an absolute *650 transfer in the contingency referred to, would be to permit a party to change the agreement, and this we have no right to do.
A letter written by MacNeill to O’Neal, dated June 17, 1965, serves to place a gloss on the meaning and intent of the parties that upon such default by O’Neal the latter would become divested of all interest in the property, with his undivided one half interest therein transferred to MacNeill. That letter was referred to in this court’s opinion (216 So.2d at 468), but was not quoted therein.[3]
With his letter, MacNeill submitted a prepared warranty deed, from O’Neal and wife to him, on which the following appeared below the description of the property:
“This deed is given pursuant to the letter agreement made July 2, 1964 and is intended to convey all of the right, title and interest of Maston G. O’Neal, Jr., individually and as Trustee, joined by his wife, Margaret W. O’Neal, to the above described property.”
The fact that O’Neal did not execute another deed, as submitted with MacNeill’s letter, was not a material circumstance, since the purpose intended was effectively accomplished by the prior conveyance, absolute in form, which had been made and delivered to MacNeill on July 2, 1964.
Accordingly, having found no reason to disturb the finding of the trial court with reference to the nature of the deed in question, the judgment and opinion of this court filed November 19, 1968 (216 So.2d 465), is adhered to.
It is so ordered.

. 0”Neal v. MacNeill, Fla.App.1968, 216 So.2d 465.

. MacNeil v. O’Neal, Fla.1970, 238 So.2d 614.

. The contents of the letter from MacNeill to O’Neal, dated June 17, 1965, were as follows:
“The other day I was talking to you by phone and advised you of your obligation to reimburse me for the $13,000 plus interest which I have already advanced and your obligation to make the payment of $10,000 plus interest prior to the due date, June 24, 1965. During that telephone call, you told me that you would be in touch with me on the matter, but to date I have not heard from you.
As you know, there is only a one-day grace period in the mortgage in question, and accordingly I request that you advise me by June 23rd if you are going to go forward with your commitment.
“In the event you are unable to go forward with your commitment, I remind you of your obligation pursuant to your letter dated July 2, 1964, to deed me the undivided one-lialf interest presently held by you as Trustee. On the chance that you will be unable to come forward, I enclose a Warranty Deed to be executed by you and your wife.
“I also remind you of the $7,500 which I advanced to you for plans for the development of this property and I intend to require the reimbursement of this.
“Please get in touch with me prior to June 24th so that we can work this matter out satisfactorily.”