COBB, Judge.
In this negligence action, the parties assert that the primary issue on appeal is whether the trial court properly entered a directed verdict finding that workers’ compensation immunity protects the defendant, Robert C. Nofal. However, the determinative issue is whether the plaintiff, Ibrahim Houssami, proved that Nofal’s action, or inaction, was negligent.
Houssami was employed as a waiter at Churchill's Attic Restaurant in St. Augustine. Nofal and Herbert L. Smith owned the property and building where the restaurant was located, but Houssami was employed by Nofal-Smith, Inc. which leased the premises from Nofal and Smith. Hous-sami slipped and fell down a flight of service stairs while carrying empty ice buckets. Houssami claimed that the stairs were very steep, without handrails, rather greasy, and dimly lit and that the non-skid strips had worn off, especially in the center.
Houssami filed suit against Robert C. Nofal and Herbert L. Smith, alleging that their negligence caused his injuries. The complaint alleged simple negligence by No-fal as the owner of the premises and gross negligence by Nofal as a co-employee. Smith settled out of court prior to the jury trial. The trial court entered a directed verdict in favor of Nofal as to the simple negligence, finding that workers’ compensation immunity extended to him as owner of the premises. The jury returned a verdict in favor of Nofal, finding no gross negligence.
Houssami appeals the trial court’s entry of a directed verdict finding that workers’ compensation immunity protects Nofal. But if workers’ compensation immunity protects Nofal-Smith, Inc. and not Robert C. Nofal, as an individual, from Houssami’s negligence claim, then Nofal may be liable only in his capacity as a landlord, not as an employer.
In Bovis v. 7-Eleven, Inc., 505 So.2d 661 (Fla. 5th DCA 1987), this court recognized that the owner of real property is not an insurer of the safety of persons on the property, nor is he subject to strict liability or liability per se for injuries resulting from dangerous conditions on the property. The crux of a cause of action for premises liability is not the ownership of the premises, but the negligence of the possessor in permitting licensees and invitees to come unwarned to an area where they could foreseeably be injured by a dangerous condition which is not readily apparent.
A lessor (owner) may be liable in tort to the lessee and to third persons for injuries resulting from latent dangerous conditions of which the lessor (owner) knew or should have known and which existed on the leased premises when the lessor (owner) delivered possession of the leased premises to the1 lessee without appropriate warnings but such liability is not based on the fact that the lessor is owner but on the basis that the owner, as possessor, can be negligent in these particulars just as any other possessor. A lessor (owner) may also be liable contractually to the lessee for damages for breach of a lease provision requiring the lessor to maintain portions of a leased premises. Of course, the lessor (owner) is not liable for injuries caused solely by the lessee’s operations and activities on the leased premises.
Bovis at 664.
If Nofal and Nofal-Smith, Inc. are separate entities when determining workers’ compensation immunity, they must also be separate entities when determining negligence. Nofal was the owner of the property, but Nofal-Smith,. Inc., was in possession of it for the purpose of operating a restaurant. Nofal could be liable in tort to Hous-sami if the latter’s injuries resulted from a latent dangerous condition which Nofal *497 knew or should have known existed when he delivered possession of the property to Nofal-Smith, Inc. without an appropriate warning. The evidence presented in this case did not show that Houssami’s injuries were caused by a latent defect. The lack of maintenance and absence of a hand rail on the stairway are patent, not latent defects for which Nofal Smith, Inc., the operator of the restaurant, would be responsible. The lease agreement is not in the record on appeal, and it cannot be assumed that Nofal was contractually obligated by a lease provision to maintain portions of the leased premises. Nofal was present on the property in his capacity as the manager of the restaurant, not as a landlord. Nofal would not be liable to Houssami in his capacity as landlord, since Nofal-Smith, Inc. was in possession of the property and any defect in the stairway was patent and the responsibility of the corporation.
Houssami also seeks a new trial on the issue of Nofal’s gross negligence in his capacity as a co-employee on the ground that harmful errors were committed at trial. The trial court erred in admitting statements written by Nofal and the general manager of the restaurant concerning Houssami’s fall based on their discussions with him. The statements do not qualify as a business record exception to the hearsay rule because the statements are not trustworthy. § 90.803(6)(a), Fla.Stat. (1989). The trial court also erred in permitting Nofal’s counsel to demonstrate the amount of noise which would have resulted from Houssami’s fall by dropping two steel pails during closing arguments. However, these errors are harmless in light of another error committed by the trial court, the failure to direct a verdict on the gross negligence claim. There was insufficient evidence of gross negligence to submit that issue to the jury in the first place, consequently, the jury verdict finding no gross negligence produced the proper outcome.
Since Nofal was not individually liable, even without workers’ compensation immunity, a directed verdict in his favor on the simple negligence count was the right result, as was the ultimate finding that he was not guilty of gross negligence. The judgment of the lower court is affirmed pursuant to the pragmatic “Tipsy Coachman Rule,” which states that a trial court should be upheld if it is correct on any ground or for any reason although an incorrect reason or ground is given by the trial court for its holding. Taylor v. Orlando Clinic, 555 So.2d 876 (Fla. 5th DCA), review denied, 567 So.2d 435 (Fla.1990). See Vandergriff v. Vandergriff, 456 So.2d 464 (Fla.1984); In re Yohn’s Estate, 238 So.2d 290 (Fla.1970); MacNeill v. O’Neal, 238 So.2d 614 (Fla.1970), cert. denied, 245 So.2d 256 (Fla.1971).
AFFIRMED.
DAUKSCH and COWART, JJ„ concur.