JOHNSON, Judge.
This is an appeal from a final jdugment in an ejectment suit instituted by appellants. The case was tried before a jury and resulted in a verdict for the appellants. Notwithstanding the verdict, the court set it aside and entered final judgment for the appellee. Hence, this appeal ensues.
The sole issue for our determination is whether the trial court erred in setting aside the jury verdict and entering judgment for the appellee.
Briefly, the case involves a boundary dispute between two 80 acre parcels of land owned by the respective parties. A fence had separated the two parcels since 1928, and said fence had been continuously recognized as the boundary line until 1962. The 1928 fence having deteriorated over the years, the parties herein agreed to cooperate in the construction of a new fence, each bearing equal costs. There was some conflict as to the nature of said fence. Appellants claim that it was to be a tempo *747 rary structure pending the location of the section line that divides the two properties and appellee claims that it was a permanent arrangement or agreement between the parties. There was also some dispute as to whether or not said fence was placed in the same position as the 1928 fence. In any event both parties, as did their predecessors in title, farmed their respective lands up to the fence line. In addition, ap-pellee had constructed a $1,200.00 road immediately south of the fence and built a house connecting to the end of said road. Appellants knew this and neither said nor did anything in protest thereto. In 1969, appellants retained a land surveyor to establish the line between the properties. Said survey showed the fence to be somewhat on appellants’ property. Hence, this suit in ejectment was instituted against ap-pellee.
The case was submitted to a jury which returned a verdict for appellants. Attached to said verdict was a piece of paper reading “Recommend the property line be established on the section line between the two parcels of land under consideration. The section line to be established by a new survey by a licensed surveyor.” The jurors were advised by the court that it was not within their province to direct or recommend further surveys, whereupon the jury affirmed its verdict without further deliberation.
The appellee then moved for a new trial or a judgment notwithstanding the verdict. The latter was granted by the trial judge upon the grounds that the only evidence offered by appellants with regard to the fence being located upon their property was the testimony of the surveyor, that the jury clearly indicated by their recommendation that they were not satisfied with the accuracy of said surveyor’s report, that ap-pellee provided testimony showing that the fence line had been honored by the prior owners since 1928, and that appellee had spent a substantial sum of money in reliance upon said fence line. The verdict was set aside and judgment was entered for appellee.
For the reasons stated in the trial judge’s order and upon the authority of the decision rendered by this Court in Williams v. Johntry, 214 So.2d 62 (Fla.App. 1st, 1968), we must affirm.
When examining the entry of a judgment non obstante veredicto, the rules governing motions for directed verdicts are applicable. The sole question is whether the testimony proffered by the plaintiffs-appellants at the trial was essentially so devoid of probative evidence that the jury could not as a matter of law find a verdict for them. Macrellis v. George, 202 So.2d 107 (Fla.App. 4th, 1967).
An examination of the record and transcript in the present case clearly reveals that the only evidence offered with regard to the appellants’ boundary line was the testimony of their surveyor. As pointed out by the trial judge, the juror’s recommendation concerning the establishment of a new section line by a licensed surveyor clearly indicated that the jury was not satisfied with the accuracy of the survey. The appellee, however, offered testimony from the former owners that they had long honored the fence line and farmed their respective lands up to said fence line. It is further uncontradicted that appellee, relying upon the fence line and over 30 years of peaceful use, spent a substantial sum of money to construct a road near the fence, said road leading to his home, without protest of any nature from appellants. As stated in Williams v. Johntry, supra, 214 So.2d at page 64:
“We believe, and so hold, that title and boundary line between adjoining property, may be resolved by a line agreed upon to be the true boundary line, regardless of the description contained in the deed as related to the earliest government survey lines, by estoppel or acquiescence or by written agreement, verbal agreement, or even by implied agreement, if the conduct of the parties is such as to support the same.”
* * * * * *
“Such boundary line followed by actual occupation and recognition or acquies *748 cence therein as was true in the case sub judice, especially as to the predecessor in title of the plaintiffs, is binding upon the parties and their successors in title.
For the reasons stated herein, we affirm the order granting appellee’s motion for a judgment notwithstanding the verdict and the final judgment in favor of appellee.
Affirmed.
CARROLL, DONALD K„ Acting C. J., and WIGGINTON, J., concur.