MELVIN, WOODROW M., Sr., Associate Judge.
The parties will be designated as they were in the trial court.
The plaintiff lost the battle of the surveyors. The key issues before the court were plaintiff’s alleged acquisition of title by adverse possession and whether a fence constituted a boundary by acquiescence between plaintiff’s property, in Section 31, and defendant’s property in Section 32, Township 17 South, Range 32 East, Volu-sia County, Florida. The fence in question was constructed by defendant’s predecessor in title, David Carpenter, in 1953 along what he thought to be the west line of Section 32. Plaintiff’s predecessor in title, Grassy Key Investment Company, acquired Section 31 in 1956, and the fence referred to was considered to be the east line of Section 31. The remaining portion of Section 31 was enclosed by a fence. Grassy Key utilized the property by leasing it for cattle grazing. Plaintiff purchased the property in 1960 and had it surveyed. The surveyor considered that the line dividing Sections 31 and 32 was west of the fence line. The usual witness points of reference designated in the 1835 Government *349 Survey had all vanished in obedience to the inexorable erosion of time. The surveyor then resorted, among other rules of surveying, to evidence as to boundary by acquiescence. He found concrete monuments along the fence line, placed there by direction of surveyor Marion Gordon, who was surveying Section 32 for David Carpenter. He concluded that the fence line was the acquiescence boundary. Relying on such conclusion and survey, plaintiff constructed a canal four feet west of the fence, using the fill dirt to construct a road alongside the canal, at a cost of a substantial sum of money. Later in the chain of events David Carpenter told James Pace, plaintiff’s general counsel, that the road and canal were on Carpenter’s land. Carpenter testified that he had constructed the fence along what he then thought to be the dividing line of the sections, based on his survey, but that about six months later the woods burned and he found some survey stakes further over to the west of this fence. He offered his opinion that these were the “original survey stakes”. Suffice it is to note that the stakes were described as wooden stakes about “three feet high”.
Carpenter erected a fence around his property and he never moved it over to his newly discovered section line, if, indeed, it was such.
Later, in the chain of circumstance, Carpenter stated to an official of the plaintiff that “as long as they let me use the road, that there would be no trouble using the road, I would let them have this part of the property”.
The defendants purchased their property in the Northwest Quarter of Section 32 in 1966 for poultry farming and moved onto the land in 1968. Thereafter they proceeded in 1970 and 1971 to remove dirt and fill from the property claimed by the plaintiffs, tore up the road along side the canal and then dammed up the canal, which allegedly caused the property of the plaintiff to be flooded and damaged. Thereupon plaintiff brought the subject litigation.
The survey accepted by the court was ■prepared by surveyor W. E. Swoope, and his plat located the line dividing Sections 31 and 32 as being approximately 123 feet west of the fence line delineated thereon. Based on such survey, the court ruled that the property west of the fence line and east of the west section line of Section 32 was owned by defendants and adjudged certain relief for the defendants.
The defendants’ predecessor in title, having erected the fence in accord with his surveyor’s instructions, having failed to take any affirmative action to move the fence to the later discovered stakes, and all parties with passive indifference having permitted plaintiff at great expense to construct the canal and road in reliance upon the boundary evidenced by the fence and concrete survey stakes, all resulted in such fence line, as a matter of law, being a boundary line by acquiescence dividing the property of plaintiff in Section 31 and defendants in Section 32, which is binding on the defendants Hull, as successors in title from David Carpenter.
This principle of law was laid to rest by this court in Williams v. Johntry, 214 So. 2d 62 and Watson v. Godwin, 259 So.2d 746. It would not contribute further to the jurisprudence of Florida to here restate in detail such doctrine. It is not necessary to unduly burden this opinion with a discussion of the issue of adverse possession urged in this appeal. The boundary by acquiescence rule is dispositive of the issue before this court.
The judgment is reversed with directions to the trial court to enter judgment for plaintiff on the issue of boundary by acquiescence, adjudging such line to be the fence line as shown on the Swoop survey, *350 and proceed to a determination of plaintiff’s damages, if any, legally caused by defendants’ trespass and subsequent acts.
RAWLS, Acting C. J., and BARK-DULL, THOMAS H., Jr., Associate Judge, concur.