332 So.2d 660 (1976)
Roy HESTER, Appellant,
v.
John A. GATLIN et al., Appellees.
No. 75-1360.
District Court of Appeal of Florida, Second District.
April 23, 1976.
*661 Lynn H. Groseclose of Sprott & Groseclose, Lakeland, for appellant.
Ted R. Manry, III, and Stephen H. Sears of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee Lauren Metzler Frank.
GRIMES, Judge.
This is an appeal from a summary judgment entered against the third party plaintiff (Hester) and in favor of the third party defendants (Frank and Gilchrist).
An automobile owned by Hester and driven by Wells had slowed or stopped preparatory to making a lefthand turn. Gatlin was slowing or stopping immediately behind when he was struck by an automobile driven by Frank. As a result of the collision, Gatlin was knocked into Hester's automobile. Then Gilchrist rear-ended Frank.
Gatlin first sued Frank and Gilchrist for personal injuries. This suit was concluded by a settlement of $6,500. Gatlin then filed a new suit against Hester. Hester filed a third party complaint for indemnification and/or contribution against Frank and Gilchrist. On August 18, 1975, the court granted summary judgment in favor of Frank and Gilchrist on the basis that the third party complaint purported "to seek indemnification and/or contribution among active joint tortfeasors contrary to the law of the State of Florida."
The predicate for Hester's appeal is that his third party complaint is now governed by the Uniform Contribution Among Tortfeasors Act. Fla. Stat. § 768.31 (1975). Hester correctly points out that subsection (7) of this statute provides that it shall apply to all causes of action pending on June 12, 1975. Thus, the court's conclusion that there was no contribution among joint tortfeasors in Florida was no longer accurate at the time the summary judgment was entered. See Lincenberg v. Issen, Fla. 1975, 318 So.2d 386.
Be that as it may, there are two reasons why the summary judgment must *662 still be affirmed. The first reason is found in the Uniform Act itself. Subsection (5) of the statutes states:
"(5) Release or covenant not to sue.  When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:
(a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and,
(b) It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor."
Therefore, when Gatlin released Frank and Gilchrist, it had the effect of discharging them from the claim for contribution made by Hester.
Furthermore, by the terms of the release which Gatlin signed when he settled with Frank and Gilchrist, he also released Hester. The pertinent language of the release stated:
"KNOW ALL MEN BY THESE PRESENTS:
That the Undersigned, being of lawful age, for the sole consideration of Six Thousand Five Hundred and no/100 Dollars ($6,500.00) to the undersigned in hand paid, receipt whereof is hereby acknowledged, do/does hereby and for my/our/its heirs, executors, administrators, successors and assigns, release, acquit and forever discharge Robert Dell Gilchrist; Allstate Insurance Company; Lauren Metzler Frank; Gloria Stone Frank; Aetna Casualty & Surety Company, and any and all other persons and/or corporations who are or may be liable for injuries or damages sustained as a result of the subject accident and his, her, their or its agents, servants, successors, heirs, executors, administrators and all other persons, firms, corporations, associations or partnerships of and from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever, which the undersigned now has/have or may hereafter accrue on account of or in any way growing out of and all known and unknown, foreseen and unforeseen bodily and personal injuries and property damage and the consequences thereof resulting or to result from the accident, casualty or events which occurred on or about the 16th day of December, 1969, at or near State Road 600 and Reynolds Road in Polk County, Florida... ." (Emphasis supplied.)
The fact that the consideration for this release only flowed from Frank and Gilchrist did not prevent Hester from obtaining its benefits as a third party beneficiary. See Albert's Shoes v. Crabtree Construction Co., Fla. 1956, 89 So.2d 491. The inclusion of the italicized language in the release was also beneficial to Frank and Gilchrist, if for no other reason than to be available as an additional defense to a claim for contribution such as is being made by Hester in this case.
We recognize that our holding will have the effect of causing the dismissal of Gatlin's claim against Hester upon remand. However, Gatlin is a party to this appeal, and his attorney is aware of the arguments being advanced with respect to the release. Rule 1.180, RCP, contemplates that a third party defendant may raise any defenses which the third party plaintiff has to the plaintiff's claim. See 3 Moore's Federal Practice, § 14.13, discussing this aspect of Federal Rule 14, from which our rule was derived. Since Frank and Gilchrist have conclusively demonstrated that Gatlin cannot recover from Hester, it is obvious that *663 Hester would have no liability for which to seek contribution from Frank and Gilchrist.
This court is not bound by the erroneous rationale or reasoning of a trial court if the record reveals an alternative basis upon which to uphold the order or judgment. MacNeill v. O'Neal, Fla. 1970, 238 So.2d 614; Hall v. Florida Board of Pharmacy, Fla. 1965, 177 So.2d 833. Therefore, while the stated reason for the action of the trial court was in error, the summary judgment is, nevertheless,
AFFIRMED.
McNULTY, C.J., and SCHEB, J., concur.