339 So.2d 222 (1976)
BEST SANITARY DISPOSAL COMPANY, and Safeco Insurance Company, Appellants,
v.
LITTLE FOOD TOWN, INC., and Home Insurance Company, Appellees.
No. 76-208.
District Court of Appeal of Florida, Second District.
November 3, 1976.
Rehearing Denied December 9, 1976.
*223 Kingswood Sprott, Jr. of Sprott & Groseclose, Lakeland, for appellants.
J.M. McCarthy and S. Joseph Piazza of Law Offices of Carver & McCarthy, P.A., Lakeland, for appellees.
GRIMES, Judge.
This is an appeal from an order directing contribution among defendants.
Tania Knight was injured while playing on a refuse disposal container. The container was owned by Best Sanitary Disposal Company and located on premises occupied by Little Food Town, Inc. Little Food Town, Inc. leased the premises from Roy Lovett. Tania and her father sued Best, Little Food Town and Lovett.[1] Little Food Town and Lovett filed a cross-claim against Best and Best filed a cross-claim against Little Food Town and Lovett.
Immediately prior to the trial, counsel for the plaintiffs and for the defendants, Little Food Town and Lovett, announced to the court in chambers the execution of an agreement which provided in pertinent part as follows:
"1. HOME INSURANCE COMPANY on behalf of the defendants ROY LOVETT and LITTLE FOOD TOWN, INC., agrees to pay the plaintiffs TANIA GAIL KNIGHT and E.L. KNIGHT, the sum of FORTY FIVE THOUSAND DOLLARS ($45,000). The maximum liability, exposure or financial contribution to plaintiffs of the defendants HOME INSURANCE COMPANY, ROY LOVETT and LITTLE FOOD TOWN, INC., shall be FORTY FIVE THOUSAND DOLLARS ($45,000), regardless of any verdict judgment, or cost judgment that might be entered in the aforementioned Case Number GC-G-74-1277.
2. In the event that it is determined in a court of law that HOME INSURANCE COMPANY extended coverage under the policy issued to LITTLE FOOD TOWN, INC., and/or that such coverage is also extended *224 to ROY LOVETT, and a judgment is rendered against LITTLE FOOD TOWN, INC., and/or ROY LOVETT, in consideration of the FORTY FIVE THOUSAND DOLLARS ($45,000) to be paid pursuant to paragraph one (1) hereof, the plaintiffs TANIA GAIL KNIGHT and E.L. KNIGHT, will give a complete release and covenant not to enforce judgment in favor of the defendants HOME INSURANCE COMPANY, ROY LOVETT and LITTLE FOOD TOWN, INC., said release and covenant not to enforce judgment shall be made pursuant to Florida Statutes, Section 768.31(5) and shall reduce any judgment accordingly.
3. The plaintiffs, TANIA GAIL KNIGHT and E.L. KNIGHT will not under any circumstances proceed against HOME INSURANCE COMPANY, ROY LOVETT or LITTLE FOOD TOWN, INC., for any payment other than the FORTY FIVE THOUSAND DOLLARS ($45,000) set forth in paragraph one (1) herein and will specifically not pursue any cause of action, claim or demand against said defendants for recovery of any sum of money for failure to negotiate or effectuate a settlement in good-faith or for any other reason.
4. It is the intention of the parties hereto that this agreement shall be construed as an agreement between them as to financial responsibility only, and in no way constitute an admission of liability or have any effect upon the trial of this case as to liability or extent of damages.
5. In consideration for the plaintiffs' agreement to release, not to enforce judgment and/or to limit the liability of the defendants, HOME INSURANCE COMPANY, LITTLE FOOD TOWN, INC., and ROY LOVETT, those defendants agree to pay the plaintiffs the sum of FORTY FIVE THOUSAND DOLLARS ($45,000) whether a verdict is rendered in favor of the defendants and against the plaintiffs or in favor of the plaintiffs against any or all defendants. It is agreed that the verdict rendered in excess of FORTY FIVE THOUSAND DOLLARS ($45,000), the plaintiffs will satisfy such excess from defendants other than HOME INSURANCE COMPANY, LITTLE FOOD TOWN, INC. and ROY LOVETT.
6. If a verdict is rendered in favor of the plaintiffs and against the defendants jointly, and if any proceeding or action is taken against the defendants HOME INSURANCE COMPANY, LITTLE FOOD TOWN, INC. or ROY LOVETT, by any other defendants for contribution pursuant to Florida Statutes, Section 768.31, then the plaintiffs agree to indemnify or reimburse HOME INSURANCE COMPANY, LITTLE FOOD TOWN, INC. and ROY LOVETT for any contribution required by court order or settlement agreement.
7. The defendants HOME INSURANCE COMPANY, LITTLE FOOD TOWN, INC., and ROY LOVETT shall continue as active defendants in the active defense of the subject litigation until all questions of liability and damages are resolved between the plaintiffs and defendants.
8. The terms and conditions specified in this agreement, which are dependent upon a jury verdict, shall be equally applicable to and binding on the parties in the event the plaintiff amicably settles the cause of liability and damages with the other defendants."
At the request of the parties to the agreement and without objection by Best, the agreement was presented to the jury in the course of the trial. At the conclusion of the evidence (1) Lovett was granted a directed verdict on the claim by the plaintiffs, (2) Best dismissed its cross-claim against Little Food Town and Little Food Town *225 dismissed its cross-claim against Best. (3) The court denied a motion by Best that Little Food Town and Roy Lovett be totally dismissed from the action. The jury returned a verdict totalling $45,000 against Little Food Town and Best. Thereafter, asserting that it had paid the plaintiffs $45,000, Little Food Town filed a motion for contribution. The court entered judgment for the plaintiffs for $45,000 plus costs, subject to a credit for the $45,000 already paid, and directed Best to reimburse Little Food Town for one-half the judgment.
At the outset, there are two considerations which may be disposed of summarily. Best concedes that under Section 768.31(4)(b), Florida Statutes (1975), Little Food Town could properly assert its claim for contribution by way of motion despite the fact that it had voluntarily dismissed its cross-claim against Best during the trial. Likewise, we need not consider the effect of Booth v. Mary Carter Paint Company, 202 So.2d 8 (Fla.2d DCA 1967), upon our decision, because Little Food Town does not seriously quarrel with Best's characterization that the agreement constituted a settlement between Little Food Town and the plaintiff.
There was no right of contribution among tortfeasors in Florida until the passage of the Uniform Contribution Among Tortfeasors Act, Section 768.31, Florida Statutes (1975). Under this statute, one of several persons liable in tort for the same injury or wrongful death has a right to recover from the other tortfeasors whatever he has paid in excess of his pro rata share of the common liability. Pertinent to the instant case, section (1)(d) of the uniform act, which is codified as Section 768.31(2)(d), Florida Statutes (1975) provides:
"(2) Right to contribution. 
* * * * * *
(d) A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or wrongful death is not extinguished by the settlement or in respect to any amount paid in a settlement which is in excess of what was reasonable."
Best contends that Little Food Town is precluded from contribution because Little Food Town settled with the plaintiffs without obtaining an extinguishment of Best's liability to the plaintiffs.
On the other hand, Little Food Town argues that since the $45,000 it agreed to pay would be deducted from any verdict obtained against Best under Section 768.31(5)(a), Florida Statutes (1975), this was equivalent to an extinguishment of Best's liability. In support of its position, Little Food Town cites Mong v. Hershberger, 200 Pa.Super. 68, 186 A.2d 427 (1962), in which it was held that a settlement by one tortfeasor which had the effect of reducing the verdict against the other to that extent, amounted to an extinguishment of liability under the uniform act so as to permit the settling tortfeasor to obtain contribution. With all due respect, we believe that the interpretation placed upon the uniform act by the Pennsylvania court was contrary to both its letter and spirit.
On the basis of language alone, we cannot see how a reduction in the amount of the claim against Best is equivalent to an extinguishment of Best's liability even though because the verdict did not exceed the amount of the settlement Best now owes nothing to the plaintiffs. The provision which causes the $45,000 payable by Little Food Town to be a reduction of the claim against Best to that extent is section (4) of the uniform act (Section 768.31(5), Florida Statutes (1975)) which reads as follows:
"(5) Release or covenant not to sue.  When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:
(a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the *226 covenant, or in the amount of the consideration paid for it, whichever is the greater; and
(b) It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor."
Presumably, the drafters of the uniform act carefully chose their words when they stated that a release or covenant not to sue or not to enforce judgment does not "discharge" any other tortfeasor for liability but simply reduces the claim by the stipulated amount.
It is further significant that section (4)(b) of the uniform act (Section 768.31(5)(b), Florida Statutes (1975)) provides that where one of several tortfeasors has settled a claim against him, he is relieved of liability for contribution to any other tortfeasor.[2] It appears that sections (1)(d) and (4)(b) of the uniform act present opposite sides of the same coin. Thus, if tortfeasor A (Little Food Town) settles out and tortfeasor B (Best) elects to go to trial and suffers a large verdict, section (4)(b) protects tortfeasor A from any claim for contribution by tortfeasor B. However, at the same time section (1)(d) provides that if tortfeasor A (Little Food Town) buys its peace before trial without absolving tortfeasor B (Best) from all further responsibility, then tortfeasor A cannot later obtain contribution from tortfeasor B. This is borne out by the comment of the Commissioners under section (4)(b) of the uniform act which states:
"... [T]he subsection [4(b)] provides that the release in good faith discharges the tortfeasor outright from all liability for contribution. This is consistent with Section 1(d) above, which provides that the settling tortfeasor himself has no right of contribution against another unless he has assumed the full responsibility to the claimant." 12 ULA 100.
The fact that Little Food Town ended up paying a disproportionate portion of the plaintiffs' claim was a circumstance of its own making. Little Food Town calculated the risk and acted accordingly. By virtue of the agreement, Little Food Town absolutely limited its liability to $45,000. Even if the verdict exceeded twice that figure, Little Food Town was immune from a claim for contribution by Best. When Little Food Town chose not to pay what would have been necessary to obtain the extinguishment of Best's liability, it lost its claim for contribution under the statute. Accordingly, the judgment for contribution is
REVERSED.
HOBSON, A.C.J., and GOBBIE, EVELYN, Associate Judge, concur.
NOTES
[1] The liability insurance carriers for the several defendants were also joined but need not be referred to in the balance of this opinion.
[2] The effectiveness of this provision of the act was recently illustrated in Hester v. Gatlin, 332 So.2d 660 (Fla.2d DCA 1976).