396 So.2d 813 (1981)
Matthew FLEURY, by and through His Natural Parents, Donald Fleury and Joan Fleury, and Individually, Appellants,
v.
CITY OF RIVIERA BEACH and Leonard Andrew Meyers, Appellees.
Donald FLEURY and matthew fleury, Appellants,
v.
CITY OF RIVIERA BEACH and Leonard Andrew Meyers, Appellees.
Nos. 79-878, 79-901.
District Court of Appeal of Florida, Fourth District.
April 8, 1981.
*814 Marjorie D. Gadarian, of Jones & Foster, West Palm Beach, and Alexander Sandy Myers, of Christiansen, Jacknin & Myers, Palm Beach, for appellants.
D. Culver Smith, III, of Adams, Coogler, Watson & Smith, P.A., West Palm Beach, for appellee-City of Riviera Beach.
DOWNEY, Judge.
Appellants, Donald and Matthew Fleury, seek review of two final judgments entered in these cases which arose out of a motorcycle accident.
The accident occurred in the City of Riviera Beach when a City police car collided with a motorcycle driven by Matthew Fleury and on which Leonard Meyers was a passenger. Matthew Fleury and his father, Donald, sued the City of Riviera Beach for Matthew's injuries. The jury returned a verdict in favor of the Fleurys for a total of $3,300, finding that Matthew was 60% negligent and the police officer was 40% negligent. The trial court entered a judgment for the Fleurys in the amount of $1,320, scaling down the damage figure to reflect Matthew's proportionate share of negligence. Thereupon, the Fleurys filed a notice of appeal.
In the Meyers case, Leonard Meyers sued the City of Riviera Beach for injuries suffered in the collision and the City filed a third party complaint against Donald and Matthew Fleury. The jury returned a verdict in favor of Meyers assessing his damages at $48,800. While the jury was deliberating, counsel for the Fleurys and Meyers advised the trial judge and opposing counsel that Meyers had given the Fleurys a release in consideration for $5,000, thus settling their claim. Counsel suggested the court should take that release into consideration in its ultimate resolution of claims between the parties, and, if it was necessary, counsel for the Fleurys requested leave to amend their pleadings to reflect the release. No amendment was allowed and the trial court ultimately entered judgment for the City of Riviera Beach for $29,280[1] on its third party complaint.
In these consolidated appeals appellants-Fleurys contend the trial court committed several errors in instructing the jury and in entering final judgment for contribution against the Fleurys in favor of the City of Riviera Beach. We have studied the briefs and record and find no reversible error demonstrated in the judgment in favor of the Fleurys on their claim against the City. However, we do find error in the judgment in favor of the City of Riviera Beach on their claim of contribution against the Fleurys, which requires further consideration of the case.
Section 768.31(5)(b), Florida Statutes (1979), provides that a release, given in good faith to one of two persons liable in tort for the same injury, discharges the tortfeasor to whom the release is given from all liability for contribution to any other tortfeasor. Martinez v. Gonzalez, 368 So.2d 92 (Fla. 3rd DCA 1979); Hester v. *815 Gatlin, 332 So.2d 660 (Fla. 2d DCA 1976). Thus, it seems clear to us that, if the release given by Meyers to the Fleurys was given in good faith, the Fleurys were not liable to the City of Riviera Beach for contribution on the Meyers judgment.
As earlier indicated, the settlement and release between Meyers and the Fleurys was reached during the jury's deliberations. The parties discussed the release with the court but in view of the time factor the effect of the release was never properly considered. Therefore, we believe the release should be presented to the trial court by amended pleadings which will also allow the City of Riviera Beach to attack the good faith of the release by appropriate pleading. The trial court can then try any issue raised by those pleadings and with the arguments of both parties before it can then consider the effect of the release and enter such final judgment on the third party complaint as it finds appropriate.
Accordingly, the judgment in favor of the Fleurys in Case No. 79-878 is affirmed. The judgment in favor of the City of Riviera Beach in Case No. 79-901 is reversed and that cause is remanded for further proceedings consistent with this opinion.
LETTS, C.J., and GEIGER, DWIGHT L., Associate Judge, concur.
NOTES
[1] Fleury was found 60% negligent, thus his contribution to the Meyers verdict was $29,280.