MILLS, Judge,
specially concurring:
I agree with the majority’s result and would affirm but not for the reason stated by the majority.
In 1947, W. H. Markham employed Fu-gate, a surveyor, to divide an east one-half section of land into four equal portions. Subsequently, Markham placed each of his four sons in possession of one of the parcels. Vernon Markham occupied the north one-half of the northeast one-quarter of the section. Howard Markham occupied the south one-half of the northeast one-quarter. Fences were set along the lines established by the Fugate survey. Title to each portion of the land previously owned by Vernon was ultimately conveyed to the Lauren-dines. After purchasing the property, the Laurendines employed Croft to survey their land. Croft determined that the fence line between the Laurendines’ property and Howard’s land averaged 140 feet north of where the true boundary was located. Lau-rendine then filed suit seeking ejectment and recovery of land. The trial court subsequently entered an order finding the evidence supported the defendant’s claim to title based on adverse possession and boundary by agreement. I would affirm the trial court’s order because the evidence supports Markham’s title based on boundary by acquiescence. Hester v. Gatlin, 332 So.2d 660 (Fla.2d DCA 1976).
Establishment of a boundary by acquiescence has long been recognized in Florida. See Acosta v. Gingles, 70 Fla. 13, 69 So. 717 (1915). In Williams v. Johntry, 214 So.2d 62 (Fla. 1st DCA 1968), we stated:
We believe, and so hold, that title and boundary line between adjoining property' may be resolved by a line agreed upon to be the true boundary line, regardless of the description contained in the deed as related to the earliest government survey lines, by estoppel or acquiescence or by written agreement, verbal agreement, or even by implied agreement, if the conduct of the parties is such as to support the same.
Id. at 64.
In this case, the evidence indicates the fence line was established in 1948 and nei *840 ther of the parties nor their predecessors in interest complained until Croft surveyed the property in 1977. Additionally, Vernon and Howard Markham testified they never questioned the validity of the fence line as the boundary and that they each occupied and farmed the portion of the land they possessed. The facts presented state a classic case of boundary by acquiescence. Watson v. Godwin, 259 So.2d 746 (Fla. 1st DCA 1972).