NANCY A. ROBERTSON & another *vs*. RICHARD F. MCCARTE
& another.

Middlesex.    March 8, 1982. — April 21, 1982.

Present: HALE, C.J., GRANT, & PERRETTA, JJ.

*Negligence*, Joint tortfeasors. *Joint tortfeasors.*

A tortfeasor who made a settlement with a claimant releasing all tortfeas-
ors from their liability for an accident was entitled to contribution
from the other tortfeasors. [444]

CIVIL ACTION commenced in the Superior Court Depart-
ment on November 24, 1980.

The case was heard by *Linscott,* J., on a motion to dis-
miss.

*Stephen J. Brown* for the plaintiffs.
*Joan B. Gozonsky* for the defendants.

HALE, C.J.   A Superior Court judge allowed the defend-
ants' motion for dismissal pursuant to Mass.R.Civ.P. 12(b)
(6), 365 Mass. 755 (1974), in an action in which the plain-
tiffs sought contribution for sums paid by them in settle-
ment of claims arising from an automobile accident.  The
single issue presented is whether one of two or more joint
tortfeasors who enters into a settlement with a claimant
which releases all tortfeasors may recover contribution from
the other wrongdoer(s) under G. L. c. 231B.

The complaint alleges that the plaintiff Jerome L. Robert-
son was driving an automobile which struck a three year old
boy, Mark Shapiro; that the other plaintiff and owner of the
automobile, Nancy A. Robertson, was riding in the car at
the time; that Mark was under the supervision of the de-
fendant Karen L. McCarte and playing at the home of
Karen and Richard F. McCarte when he darted from their
driveway into the path of the automobile; and that the acci-

dent was caused by Karen's negligent failure adequately to supervise the boy and by Karen and Richard's negligence in allowing shrubbery to grow on their property in such a manner as to obscure Jerome's vision so that he could not see the boy run into the street.

The complaint further alleges that an investigation was conducted on behalf of the plaintiffs from which it appeared that, as a result of the accident, Mark had sustained injuries and hospital expenses which could be the basis for a substantial recovery. A settlement was entered into for $75,000, and a release was given by Mark's parents for themselves and on his behalf which ran in favor of both Robertsons and both McCartes. The Robertsons (or their insurer) paid[1] the full amount of the settlement, pursuant to G. L. c. 231B. The motion to dismiss was grounded on G. L. c. 231B, § 4(b), which states that a release given to one of two or more joint tortfeasors in good faith discharges that tortfeasor from liability for contribution to any other tortfeasor. We reverse the judgment of dismissal.

The text of G. L. c. 231B, § 4, as set out in the margin,[2] cannot be read in isolation but must be read in context with the other sections of that chapter and "'considered in connection with the cause of its enactment, the mischief . . . to be remedied and the main object to be accomplished, to the

---

[1] The complaint does not allege that the plaintiffs paid the $75,000, but it is clear from the release and from the position taken by the parties throughout these proceedings that the plaintiffs or their insurer made the payment. This payment by the plaintiffs is a prerequisite to their action for contribution. See G. L. c. 231B, § 1(b). The situation would not change if their insurer had paid the $75,000. See G. L. c. 231B, § 1(d); Mass.R.Civ.P. 17(a), 365 Mass. 763 (1974).

[2] General Laws c. 231B, § 4, inserted by St. 1962, c. 730, § 1, provides: "When a release or covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury: (a) It shall not discharge any of the other tortfeasors from liability for the injury unless its terms so provide; but it shall reduce the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and (b) It shall discharge the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor."

end that the purpose of its framers may be effectuated.' [citations omitted]." *Board of Educ.* v. *Assessor of Worcester*, 368 Mass. 511, 513 (1975). It has been recognized as "plain that the evil to be remedied [by c. 231B] was the unfairness of allowing a disproportionate share of the plaintiff's recovery to be borne by one of several joint tortfeasors, and the object to be accomplished was a more equitable distribution of that burden among those liable in tort for the same injury." *Hayon* v. *Coca Cola Bottling Co.*, 375 Mass. 644, 648 (1978).

Section 1(*a*) of c. 231B establishes a right of contribution even though no judgment has been entered against the tortfeasors, a situation which can arise only when a payment has been made under a settlement agreement. Section 1(*c*) contemplates that a tortfeasor who settles with a claimant is entitled to contribution only to the extent that the settlement entered into was reasonable. Furthermore, § 3(*d*), which prescribes the statute of limitations in contribution actions, expressly establishes that a right to contribution exists only for a tortfeasor who has settled with the claimant and discharged by payment the *common liability,* as happened in this case.[3] As the Commissioners' Comment to the Uniform Contribution Among Tortfeasors Act, 12 U.L.A. 63 (Master ed. 1975), states, "[I]t is only fair to give [one who discharges the entire obligation through a general release] contribution from those whose liability he has discharged."[4] *Id.* at 65.

---

[3] General Laws c. 231B, § 3(*d*), inserted by St. 1962, c. 730, § 1, provides: "If there is no judgment for the injury against the tortfeasor seeking contribution, his right of contribution shall be barred unless he has either (1) discharged by payment the common liability within the statute of limitations period applicable to claimant's right of action against him and has commenced his action for contribution within one year after payment, or (2) agreed while action is pending against him to discharge the common liability and has within one year after the agreement paid the liability and commenced his action for contribution." Part 1 applies to this case.

[4] This comment was made in connection with § 1(*d*) of the Uniform Act, which differs from the Massachusetts Act. Section 1(*d*) of the Uni-

The effect of § 4 is to provide in subsection (*a*) that a release or covenant not to sue given in good faith to one of a number of joint tortfeasors does not release those not named in the release or covenant. (Under the common law a release to only one tortfeasor would discharge all other tortfeasors from liability. *Matheson* v. *O'Kane*, 211 Mass. 91, 93 [1912].) Subsection (*b*) provides only that such a release discharges those to whom it is given from liability for contribution to those not covered under it. Section 4 does not apply to the situation in this case, where both parties were named in the same release. This interpretation will "advance rather than defeat the purpose[s] of the statute," *Hayon* v. *Coca Cola Bottling Co.*, 375 Mass. at 648-649, which are to encourage settlements by providing that one who buys his peace will not be subject to further liability for contribution to a joint tortfeasor who litigates and subjects himself to a large money judgment, and to allow one who buys the peace of all to be reimbursed from those whom he has benefited. See *Bishop* v. *Klein*, 380 Mass. 285, 293-294 (1980); Commissioners' Comments to §§ 1(*d*) and 4(*b*), Uniform Contribution Among Joint Tortfeasors Act, *supra* at 65, 100. This interpretation has also been recognized in other jurisdictions. See, e.g., *O'Keefe* v. *Baltimore Transit Co.*, 201 Md. 345 (1953); *Swartz* v. *Sunderland*, 403 Pa. 222 (1961); *Zarrella* v. *Miller*, 100 R.I. 545 (1966).

---

form Act precludes one who signs a release or settlement from seeking contribution from one whose liability is not extinguished under the settlement, whereas § 1(c) of G. L. c. 231B (the counterpart to § 1(d) of the Uniform Act) omits any such preclusion. Although a strong argument can be made that the Massachusetts statute is in substance unchanged from the Uniform Act (see McCarthy & Burns, The Impleader Statute — An Analysis, 51 Mass. L.Q. 51, 59-61 [1966]), we hold only that the change, if any, does not affect the rights of a tortfeasor who, as in this case, discharges the liability of all other tortfeasors.

As the parties do not raise the sufficiency of the pleadings in any other respect,[5] we reverse the judgment and remand the case for further proceedings.

*So ordered.*

---

[5] As noted *supra*, note 1, under G. L. c. 231B, § 1(*b*), the plaintiffs must plead and prove that they have paid more than their pro rata share of the common liability. Also, under § 1(*a*) the plaintiffs must be "legally liable" as joint tortfeasors before they are entitled to recover (see *Alamida* v. *Wilson*, 53 Haw. 398, 403 [1972]), they must prove that the defendants were jointly liable, and, under § 1(*c*), they can recover only to the extent that the settlement was reasonable. See generally Hennessey, Torts: Indemnity and Contribution, 47 Mass. L.Q. 421, 429 (1962). In so far as the present pleadings may be insufficient in these respects, leave should be granted to amend the complaint to comply with c. 231B.