OTT, Chief Judge.
The trial court entered a final judgment dismissing appellant’s complaint for contribution from appellee, the insurer of a joint tortfeasor. In doing so, the trial court relied upon this court’s decision in Hester v. Gatlin, 332 So.2d 660 (Fla. 2d DCA 1976). For the reasons hereafter stated, we reverse. Hester is, we believe, a sound and accurate decision, but it did not address or dispose of the question involved in this action.
At issue here and in Hester is the right of contribution between joint tortfeasors under the Florida “Uniform Contribution Among Tortfeasors Act” — specifically under sections 768.31(2)(d) and 768.31(5), Florida Statutes (1982).[1]
The facts of this case insofar ás necessary to the decision are as follows. Appellee *1200 insured the owner and operator of a vehicle in which the claimant (injured party) was a passenger. Appellant insured the owner and operator of another vehicle proceeding in the same direction and directly behind appellee’s vehicle. Both vehicles were alleged to have been negligently operated by their respective operators and their separate negligence combined to produce the injuries to the claimant.
The claimant brought liability and PIP claims against appellant’s insured for his injuries and damages. The appellant negotiated and completed a settlement thereof with the claimant, taking a release from the claimant by which the claimant specifically (by name) released and discharged appellant (and its insureds) and appellee (and its insureds) from any and all further liability or claims. Appellant promptly notified ap-pellee of the settlement and its claim to a pro rata contribution from appellee. When appellee declined to contribute, this suit was brought.
The facts in Hester were as follows. There were four vehicles involved, all proceeding in line in the same direction. The claimant was operating the second vehicle in this line of four and was stopping or stopped behind the first vehicle, which was slowing or stopped preparatory to making a left turn. Vehicle 3 rear-ended the claimant’s vehicle (vehicle 2), knocking it into vehicle 1. Vehicle 4 then rear-ended vehicle 3, knocking it again into vehicles 2 and 1. The claimant (vehicle 2) first sued the owners/operators/insurers of vehicles 3 and 4 for his personal injuries and settled with them for a total payment of $6,500. The release he gave to the owners/operators/insurers of vehicles 3 and 4 released them (by name) and “any and all other persons and/or corporations who are or may be liable for injuries or damages sustained as a result of the subject accident .... ”
Thereafter, the claimant (vehicle 2) brought a separate suit against the owner/operator/insurer of vehicle 1, who: (1) asserted (as an affirmative defense) that the above-referenced release barred the claimant’s suit or claim for damages against them; and (2) filed a third-party complaint against the owners/operators/insurers of vehicles 3 and 4 for pro rata contribution (at least as to any amount above that previously paid) to any judgment or damages the claimant might recover.
This court simply held, in Hester, that the above-quoted language of the release did, in fact, extend to the owner/operator/insurer of vehicle 1 (primary defendants in Hester), although not specifically named therein, pursuant to section 768.31(5), Florida Statutes. This court then logically and correctly concluded that this result required the dismissal of both the claimant’s suit for damages AND the third-party complaint for contribution. Hester did not involve, decide, or address the question of the right of the owners/operators/insurers of vehicles 3 and 4 to contribution from the owner/operator/insurer of vehicle 1 under the provisions of section 768.31(2)(d). That is the precise question in this case.
It is perhaps fundamental but we find it necessary to point out that since there was no right of contribution between joint tort-feasors at common law, appellant had no right of contribution from appellee apart from that provided by section 768.31 with conditions therein. See Woods v. Withrow, 413 So.2d 1179 (Fla.1982).
Again, while somewhat fundamental, we point out that the claimant who executes the release is the only party who has both been paid a consideration and released someone (either the paying party only or other possible responsible parties) from further liability. The rights between the tort-feasors as to contribution still remain open. Their respective rights are dependent on section 768.31 and who the claimant has actually released or exonerated from further liability to him.
On securing the extinguishment of the claimant’s right to any damages or compen *1201 sation from the appellee, appellant acquired the right of pro rata contribution by appel-lee.
We therefore REVERSE the judgment of dismissal and REMAND for further proceedings consistent herewith.
SCHEB and DANAHY, JJ., concur.

. 768.31 Contribution Among Tortfeasors.
(2) Right to contribution.—
(d) A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or wrongful death is not extinguished by the settlement or in respect to any amount paid in a settlement which is in excess of what was reasonable.
(5) Release or covenant not to sue. — When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:
(a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release *1200 or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and
(b) It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.