PER CURIAM.
Reversed on the authority of Fleury v. City of Riviera Beach, 396 So.2d 813 (Fla. 4th DCA 1981). Fleury contemplates that a joint tortfeasor who seeks to utilize a settlement and release from the injured party as a defense to a contribution claim be required to plead the settlement and release and that the other tortfeasor seeking contribution be given an opportunity to plead the lack of good faith as an avoidance of the settlement and release. Upon the joinder of issue on the issue of good faith, the court may then conduct a hearing on the merits of that issue, affording both sides an opportunity to present evidence.
Any concern as to the alleged lack of “good faith” and attendant delay caused by a joint tortfeasor challenging a settlement may be' subject to a separate inquiry under the provisions of section 57.105, Florida Statutes (1983), providing for the taxation of attorneys fees in certain instances.
This cause is reversed and remanded for further proceedings in accord herewith.
ANSTEAD, C.J., and DOWNEY and GLICKSTEIN, JJ., concur.