JUDITH BERNSTEIN *vs.* TOWNE ESTATES, INC. (and a companion case[1]). April 30, 1984. *Landlord and Tenant*, Eviction. *Real Property*, Condominium.

The tenant, Judith Bernstein, and the landlord, Towne Estates, Inc., filed cross actions in the Boston Housing Court. The tenant sought review of the Boston Rent Control Board's issuance of a certificate of eviction, authorizing the landlord to institute summary process eviction proceedings against her. See *Morello* v. *Boston Rent Control Bd.*, 14 Mass. App. Ct. 27, 30 (1982). The landlord commenced a summary process action against the tenant. The actions were consolidated for trial. Judgments were entered annulling the certificate of eviction issued by the board and dismissing the landlord's summary process action. The landlord appeals from both judgments.

The sole question presented for review is whether c. 8, § 204, of the Ordinances of 1981, enacted by the city of Boston, July 2, 1981, requires a landlord to give a tenant a second one-year notice of termination of tenancy for condominium conversion where the landlord enters into a new tenancy at

---

[1] Towne Estates, Inc. *vs.* Judith Bernstein.

will agreement with the tenant (see G.L. c. 186, § 12) after the expiration of the first one-year notice period. Chapter 8 of the Ordinances of 1981 amends c. 37 of the Ordinances of 1979, which governs evictions for condominium coversions. Section 204 of c. 8 provides, in relevant part, that:

> "No person shall bring any action to recover possession of a housing accommodation for the purpose of a condominium conversion until the later of the expiration of the rental housing agreement or one year has elapsed from the date the tenants of such housing accommodation received a written notice of termination of his tenancy, . . . ."

Two years must elapse from the date of notice if the tenant is sixty-two years of age or older or is physically handicapped or economically limited (as specified in § 204) at the date of notice. By § 201(b) of c. 37 of the Ordinances of 1979, § 204 is made applicable only to tenants who were in residence at the time a "master deed" for condominium ownership was recorded pursuant to G.L. c. 183A, § 8.

Section 204 must be construed in accordance with its plain language, in the context of the other provisions of the ordinance, and in light of the main purposes of the ordinance. See, e.g., *Robertson* v. *McCarte,* 13 Mass. App. Ct. 441, 442-443 (1982). So construed, § 204 requires only one-year notice (or two-year notice, if specified) of termination of tenancy due to condominium conversion. Section 204 unambiguously establishes one year as the minimum period of time necessary for the protection of *"potentially* displaced tenants" (emphasis supplied, City of Boston Ordinances of 1979, c. 37, § 200) who may need time to investigate housing options. See *Morello* v. *Boston Rent Control Bd.,* 14 Mass. App. Ct. at 28-29. Nothing in the plain language of § 204 indicates that if a *potentially* displaced tenant is not displaced at the expiration of the mandatory one-year notice period but invited to remain as a tenant at will under a new tenancy agreement (see G. L. c. 186, § 12), that tenant has a right to a second one-year notice period. "Further, we are particularly mindful of that passage of § 200 of [c. 37] of the Ordinance[s] [of 1979] which states that '[t]he untoward effects of condominium conversion evictions on tenants can be *adequately* dealt with by providing potentially displaced tenants with sufficient time to examine' their available alternatives (emphasis supplied)." *Morello* v. *Boston Rent Control Bd.,* 14 Mass. App. Ct. at 33. A construction of § 204 contrary to that here adopted would "extend[ ] to a tenant who may have been fully apprised of his rights and remedies by the landlord's notices twice the amount of time declared adequate by the city council to secure alternative housing accommodations." *Morello* v. *Boston Rent Control Bd.,* 14 Mass. App. Ct. at 34.

Both judgments are reversed. In the action brought by the tenant, a judgment is to enter declaring the validity of the eviction notice. In the

summary process action, judgment for possession is to be entered for the landlord, with execution to issue forthwith.

*So ordered.*

*Herbert S. Lerman* for Towne Estates, Inc.
*John S. Legasey* for Judith Bernstein.