WARNER, Judge.
In this appeal from a judgment granted on the pleadings on a claim for contribution arising from an automobile accident, appellants contend that the court erred in entering the judgment without affording them a hearing as to whether the settlement entered into between appellee Zaldivar and the plaintiff Malamud was in good faith. We hold that the judgment on the pleadings was properly entered.
*813 The appellants filed a contribution claim against the appellee Zaldivar arising out of an accident in which claims were asserted by Malamud against both appellants and appel-lee. As an affirmative defense to the contribution claim, Zaldivar alleged that he had entered into a settlement with the injured party for his insurance policy limits and received a release of all claims. A copy of the release was attached to the answer. Therefore, he asserted that claims of contribution were barred by § 768.31, Florida Statutes (1991).
Along with his answer to the third party complaint, Zaldivar filed a motion for judgment on the pleadings claiming that the release in exchange for his insurance limits reflected a good faith settlement of Malamud’s claim that barred all contribution claims under the statute. Prior to the hearing on the motion, appellants filed an avoidance of Zaldivar’s affirmative defense alleging that the release did not defeat the contribution claim:
The settlement alleged to have been entered into between Luis Zaldivar and the Plaintiff, Hannah Malamud, is not a good faith release in that the Third Party Defendant, Luis Zaldivar, was one hundred percent hable for the injuries to the Plaintiff Hannah Malamud. The potential injuries to the Plaintiff, Hannah Malamud, could exceed the policy limits of Third Party Defendant, Luis Zaldivar’s, automobile liability policy. There was no effort to recover or obtain payment from Third Party Defendant, Luis Zaldivar, from funds other than his automobile insurance policy. The Third Party Defendant, Luis Zaldivar, had funds available for settlement of this claim other than his automobile liability insurance policy. Further, there was no effort to formulate or set up an alternative settlement plan, such as a structured settlement from funds available to Luis Zaldi-var other than his automobile liability insurance policy.
The trial court entered a judgment on the pleadings, and this appeal followed.
Under § 768.31, Florida Statutes (1991), a release given in good faith to one of two or more persons liable in tort for the same injury has the effect of discharging the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor. While the statute does not set forth specific pleading requirements, if the release must be given in good faith to effect the release, then it stands to reason that the holder of the release, i.e. the released tortfeasor, has the burden of pleading the good faith of the release as an affirmative defense to an action for contribution. Then, the tortfeasor claiming contribution has the opportunity to file a reply alleging the lack of good faith as an avoidance of a release. See Gold, Vann & White, P.A. v. DeBerry, 639 So.2d 47 (Fla. 4th DCA 1994); Concrete Sciences, Inc. v. Bassett, 449 So.2d 300 (Fla. 4th DCA 1984); Fleury v. City of Riviera Beach, 396 So.2d 813 (Fla. 4th DCA 1981).
In this case the reply filed by the appellee is legally insufficient to avoid the release. There are no allegations of fraud, collusive conduct, dishonesty or other wrongdoing. All the appellants allege is at most lax investigation of alternative sources of payment. This does not constitute a lack of good faith. See St. Paul Fire and Marine Ins. Company v. Shure, 647 So.2d 877 (Fla. 4th DCA 1994).
The reply admits the existence of the settlement for the policy limits. Without a legally sufficient avoidance stated in the reply, the appellees were entitled to a judgment on the pleadings, as a settlement for the policy limits establishes the good faith requirement of the statute. See Schreier v. Parker, 415 So.2d 794 (Fla. 3d DCA 1982); Fuquay v. General Motors Corp., 518 F.Supp. 1065 (M.D.Fla.1981).
The remaining issues raised by appellant also do not require reversal, and we therefore affirm.
FARMER and STEVENSON, JJ., concur.