Garsh, J.
Pursuant to Mass.R.Civ.P. 56, defendant/third party plaintiff Viking Seafood, Inc. (“Viking”) moves for summary judgment on count I of its third party complaint.[2] Viking claims that it is entitled to contribution from Stein, Inc. (“Stein") because Stein’s liability to the plaintiff was discharged by virtue of Viking’s settlement with the plaintiff. For the following.reasons, Viking’s motion for summary judgment is denied, and judgment will enter in favor of Stein dismissing the third party complaint.
*282 BACKGROUND
The following facts are undisputed:
This case arises out of a personal injury in which the plaintiff, Elmer Barrios (“Barrios”), fell on a slippery floor; as a result, his right thumb and index finger were amputated in a flour mixing machine. Barrios filed an action against Viking, alleging that Viking negligently operated and maintained the flour mixing machine. Viking, in turn, filed a third-party complaint against Stein, the manufacturer of the machine. Barrios then filed an amended complaint in which both Viking and Stein were named as defendants.
Prior to trial, Viking entered into a settlement agreement with Barrios. Pursuant to that agreement, plaintiffs claims against Viking were to be dismissed upon the payment of $215,000.00 by Viking. The court, upon motion and after a hearing, approved a Petition for Partial Settlement between Barrios and Viking. Viking also obtained the court’s assent to its Motion for a Separate and Final Judgment, in accordance with Mass.R.Civ.P. 54(b). An agreement for judgment was entered in favor of Viking on count I of plaintiffs complaint on October 12, 1995. No judgment entered against Viking for the injury.
Plaintiffs case remaining against Stein was tried before a jury, which found in favor of the plaintiff and against Stein, and awarded damages in the amount of $181,161.71. The judgment was reduced to zero dollars by virtue of the Contribution Among Joint Tortfeasors Act, G.L.c. 23IB, §4(a).[3]
Viking now claims that the amount it paid in settlement to the plaintiff absolved Stein of liability and, therefore, Stein owes Viking a pro rata share of its liability, namely $90,558.35. Stein counters that Viking is not entitled to any contribution because Viking settled with the plaintiff without extinguishing Stein’s liability to the plaintiff.
DISCUSSION
There are no genuine issues as to any material fact in dispute. There is no disagreement that the release running between Viking and the plaintiff did not constitute a common release of the claims against all parties. That document specifically states that “(t]his special release is NOT a release as to any other person or entity not specifically named in this document and further is NOT to act as any release to Stein, Inc.” (emphasis in original). Similarly, the Petition for Settlement represents that “the parties state that they have reached a good faith settlement with the defendant, Viking Seafood, Inc., only . . . The pending claims as against Stein, Inc. will remain.”
Viking claims that even though it did not obtain a common release, it nevertheless did discharge “by payment the common liability” and is, therefore, entitled to contribution under the Massachusetts Contribution Among Joint Tortfeasors Act. That statute recognizes a right of contribution among persons jointly liable in tort for the same injury even though judgment is not recovered against all or any of them “except as otherwise provided” in the act. G.L.c. 23 IB, §l(a). One of the exceptions is set forth in section 3(d). That provision eliminates a settling tortfeasor’s right to contribution where, as here, no judgment has entered against the settling tortfeasor, unless such person has discharged by payment the common liability or agreed to do so and then paid the common liability within one year of the agreement. Viking claims to have done the former. G.L.c. 23IB, §3(d) provides as follows:
If there is no judgment for the injury against the tortfeasor seeking contribution, his right of contribution shall be barred unless he has either (1) discharged by payment the common liability within the statute of limitations period applicable to claimant’s right of action against him and has commenced his action for contribution within one ¡year after the payment,[4] or (2) agreed while action is pending against him to discharge the common liability and has within one year after the agreement paid the liability and commenced his action for contribution.
The question presented by these cross-motions is whether a tortfeasor who settles in exchange for an individual release preserves its right to contribution in the event that the plaintiff ultimately receives a judgment against (or settles with) the remaining tortfeasor(s) for an amount equal to or less than the amount which the settling tortfeasor paid to the plaintiff. In order to preserve the right to contribution in these circumstances, the words in clause one — "discharged by payment the common liability" — would have to mean something other than "discharged the common liability at the time of payment” or “settlement of the entire liability by means of making payment.” Viking’s construction of the statute would mean that nonsettling joint tortfeasors will not know whether a settling tortfeasor has discharged by payment their liability until the plaintiffs claims against all the remaining joint tortfeasors have been resolved by judgment, settlement, or the running of the statute of limitations against the noncontributing tortfeasors. It would also mean that the settling tortfeasor’s right to contribution does not accrue at the time of its settlement payment to the plaintiff.
The Massachusetts statute is modeled on the Uniform Contribution Among Joint Tortfeasors Act. Bishop v. Klein, 380 Mass. 285, 294 (1980). G.L. 231B, §3(d) is virtually identical to the equivalent section in the Uniform Act.[5] Uniform Contribution Among Joint Tortfeasors Act §3(d). The Commissioners’ comments to Section 3(d) of the Uniform Act explain that “clause (1) applies to situations where the entire liability to the injured party has been settled without action being filed. Clause (2) applies to settlements of the entire liability while action is pending and before judgment *283 . . . Under both clauses the party seeking contribution must discharge the obligation by actual payment within the prescribed time or lose his right to contribution." 12 U.L.A. 194, 252 (1996). In construing the language in Section 3(d) to the effect that a right to contribution exists only for a tortfeasor who has settled with a claimant and discharged by payment the common liability, the Appeals Court cited with support the following additional comment of he Commissioners to the Uniform Contribution Among Joint Tortfeasors Act: “[I]t is only fair to give [one who discharges the entire obligation through a general release] contribution from those whose liability he has discharged.” Robertson v. McCarte, 13 Mass.App.Ct. 441, 443 (1982) (bracketed language in original).
The plain language of Section 3(d) supports the position that a settling tortfeasor against whom judgment has not been rendered is entitled to contribution only if, when it made the payment to the plaintiff, the result was that the claim of the plaintiff no longer remained outstanding. There is no “discharge” without a release; Viking did not achieve the discharge of Stein’s liability through, or, in other words “by,” payment. When the payment was made by Viking, Stein remained liable to the plaintiff. The fact that ultimately the judgment against Stein was reduced to zero by operation of Section 4(a), because it was less than what the plaintiff had already received for the same injury, does not change the fact that when the settlement agreement was consummated by payment, that payment did not discharge the common liability.
Morever, Section 3(d) requires commencement of an action for contribution within one year after “the payment,” not within one year after the discharge. It would make little sense to mandate that an action be filed when, at the time of filing, the right to relief has not yet been and could not be established. In effect, the legislature would be requiring an action to be commenced for a cause of action that had not yet accrued. Under Viking’s reading of the statute, its right to contribution did not accrue until the jury verdict against Stein and yet, had Viking not filed an anticipatory third party complaint, it would have been barred from filing a complaint seeking contribution after the jury verdict. Before that time, Viking concedes that it was not entitled to contribution because the verdict against Stein might have been in excess of the amount paid in settlement.
A labyrinthine problem would be created if a settling party who accepted an individual release was allowed contribution because he, in fact, paid more than his pro rata share of the common liability. The amount of the common liability would not be determined at the time of the settlement ... If [the settling tortfeasor] wants contribution from [the remaining tortfeasors] he should be willing to pay a premium for it and get a common release. This conclusion is supported by a close reading of Section 3 (d). The primary purpose of this section is to define the statute of limitations for contribution claims where they has been no judgment against the claimant. It seems to encompass all the conceivable nonjudgment situations. In defining the statute oflimitations for allnonjudgment situations, theprovisionclearlypredicatesrecovery on the discharge by payment or agreement of discharge by payment the common liability. The conclusion should be that a settling party may have contribution only where he has given a common release.
McCarthy and Burns, The Impleader Statute — An Analysis, 51 Mass.L.Q. 51, 60-61 (1966) (emphasis in original).
Section 3(d) also may not be read in isolation. Construing the bar in Section 3(d) as operational unless the settling tortfeasor has obtained a common release in exchange for payment is consistent with and supported by the language of G.L.c. 23 IB, §4(a). That section provides, in relevant part, that ”[w]hen a release ... is given in good faith to one of two or more persons liable in tort for the same injury: (a) It shall not discharge any of the other tortfeasors from liability for the injury unless its terms so provide; but it shall reduce the claim . . . to the extent of any amount [paid in settlement] . . .” (emphasis added).
The release Viking obtained did not “so provide” that other tortfeasors were to be discharged from liability. Therefore, it did not “discharge” Stein from liability; because Stein was not discharged from liability, the payment under the terms of the that release cannot be said to have discharged the common liability. Rather, under Section 4(a), Viking’s payment operated to “reduce the claim.” Using the amount paid as the measure for reduction of a claim after the nonsettling tortfeasor has incurred the cost — often quite substantial — of defending against that claim is not equivalent to discharging by payment the common liability for that claim. The purposes of the Massachusetts Contribution Among Joint Tortfeasors Act “are to encourage settlements by providing that one who buys his peace will not be subject to further liability for contribution to a joint tortfeasor who litigates and subjects himself to a large money judgment, and to allow one who buys the peace of all to be reimbursed from those whom he has benefitted.” Robertson v. McCarte, 13 Mass.App.Ct. at 444. Viking’s payment benefitted, but did not buy peace for, Stein.
It is also significant that c. 23 IB, §4(b) provides that where only one tortfeasor has settled, the release given in good faith “shall discharge the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.” Cf. Best Sanitary Disposal Co. v. Little Food *284 Town, 339 So.2d 222, 226 (1976) (interpreting Florida’s Contribution Among Joint Tortfeasors Act as precluding a claim for contribution where the settling tortfeasor did not obtain a release extinguishing the remaining tortfeasor’s liability to the plaintiff). Reading Sections 3(d) and 4 together, it is apparent that there is a unified and quite logical scheme. Section 4 applies where, as here, all the tortfeasors are not named in the release. Robertson v. McCarte, 13 Mass.App.Ct. at 444. Section 3(d) applies where all the tortfeasors are named in the same release. A settling tortfeasor may partially pay the liability, thereby purchasing both an individual release from the plaintiff and immunity from a claim for contribution from any nonsettling tortfeasor should the plaintiff ultimately recover more than the amount the settling tortfeasor paid to the plaintiff. In order to avoid the plaintiff obtaining a windfall double recovery, any amount paid in settlement is subtracted from a judgment obtained by the plaintiff against any nonsettling tortfeasor. On the other hand, a settling tortfeasor may settle a claim and obtain a release for all joint tortfeasors. That costs more, but entitles the settling tortfeasor to seek contribution from any remaining tortfeasor. “G.L.c. 23 IB, §4(b), was drafted to encourage settlements in multiple party tort actions by clearly delineating the effect settlement will have on collateral rights and liabilities in future litigation.” Bishop v. Klein, 380 Mass. at 294.
The mere fact that Viking ended up having paid a disproportionate portion of the plaintiffs claim was “a circumstance of its own making.” Best Sanitary Disposal Co. v. Little Food Town, 339 So.2d at 226. Viking took a calculated risk. By settling with the plaintiff, it limited its liability with respect to this serious injury to $215,000. Even if the jury verdict had been several times greater, Stein would not have been able to seek a penny in contribution from Viking. When Viking chose not to pay what would have been necessary to obtain a common release from Barrios, it forfeited its claim for contribution.
Viking argues that the commentary to the Uniform Contribution Among Joint Tortfeasors Act and cases such as Best Sanitary Disposal Co. are not helpful in construing the Massachusetts statute because, unlike the Uniform Act and the Florida statute analyzed in Best Sanitary Disposal Co., the Massachusetts statute does not have an additional section expressly stating that a settling tortfeasor “is not entitled to recover contribution from another tortfeasor whose liability for the injury ... is not extinguished by the settlement.” Uniform Contribution Among Joint Tortfeasors Act, § 1(d);[6] Section 768.31(2)(d), Florida Statutes (1975). Viking contends that the omission of this language in the drafting of the chapter 23 IB demonstrates that the General Court, envisioned that a tortfeasor whose payment turns out to have been equal to or greater than the amount of the plaintiffs eventual recovery would be entitled to contribution whether or not the settling tortfeasor obtained a common release. It is more likely that “the words were omitted as surplus-age.” McCarthy and Burns, The Impleader Statute— An Analysis, 51 Mass.L.Q. 51 at 61. See also Robertson v. McCarte, 13 Mass.App.Ct. at 443, n.4 (1982) (although not deciding the issue, recognizing that “a strong argument can be made that the Massachusetts statute is in substance unchanged from the Uniform Act”).
In sum, the undisputed facts demonstrate that Viking did not discharge by payment the common liability. Viking, accordingly, is not entitled to contribution from Stein.
ORDER
For the foregoing reasons, it is ORDERED that Viking Seafood, Inc.’s Motion for Summary Judgment be and hereby is DENIED, and summary judgment is hereby ordered to be entered for Stein, Inc. dismissing the third party complaint.

Viking is no longer pursuing count II of its third party complaint, which contains a claim for indemnification. Stein filed an opposition to Viking’s motion for summary judgment on count I, claiming that Viking is not entitled to contribution as a matter of law. Stein’s opposition will be treated as a cross-motion for summary judgment. Mass.R.Civ.P. 56 (c). Because the indemnification claim has been abandoned, resolution of the cross-motions for summary judgment on count I will fully adjudicate the third party complaint.

G.L.c. 231B, §4(a) provides, in relevant part, that a release given in good faith to one of two or more persons liable in tort for the same injury “shall reduce the claim against the others to the extent of any amount stipulated by the release ... or in the amount of the consideration paid for it, whichever is the greater.”

The action for contribution was commenced by Viking before its settlement.

The only difference is that the Massachusetts statute deletes the reference to “wrongful death,” a difference that has no relevance to the pending motions.

Section 1(d) states: “A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injuiy ... is not extinguished by the settlement nor in respect to any amount paid in a settlement which is in excess of what was reasonable.” G.L.c. 231B, §l(c), by contrast, provides, as follows: “A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor in respect to any amount paid in a settlement which is in excess of what was reasonable.”